# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**SHOOT THE MOON, LLC,**                     Case No. **15-60979-11**

Debtor.

# *O R D E R*

At Butte in said District this 9th day of May, 2016.

In this Chapter 11 case the Trustee filed on April 19, 2016, an Interim Application for Professional Fees and Costs (Document No. 414) for Shane N. Reely and Michael M. Lawlor of the Reely Law Firm, P.C. ("Reely Law Firm"), special counsel for the Trustee, requesting an interim award of professional fees in the amount of $5,084.00.  The Trustee also filed a Notice of the Application granting the parties fourteen (14) days to file objections and request a hearing, and advising that if no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.  No objection and request for hearing on this Application has been filed.  The U.S. Trustee has not filed a response to this Application under 28 U.S.C. § 586(a)(3)(A)(ii).

Interim fee awards are specifically  authorized by 11 U.S.C. § 331 which provides:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

This Court liberally allows interim payments under § 331 to alleviate economic hardship

1

in protracted causes and thereby facilitate competent and efficient administration.  *In re Towe*, 14

Mont. B.R. 214, 216 (Bankr. D. Mont. 1995) states:

> In addition, this Court liberally allows interim payments under the provisions of
> 11 U.S.C. § 331.  *In re Brown*, 10 Mont. B.R. 309, 310-311 (1992).  In *Brown* the
> Court wrote:
>
>> Section 331 of the Bankruptcy Code explicitly authorizes the interim
>> allowance of interim compensation and reimbursement of expenses.  11
>> U.S.C. § 331; *In re Franklin F. Regan, Jr., (Regan)* 22 B.C.D. 713, 714
>> (Bankr. E.D.N.Y.1992).  The purpose of interim compensation to court
>> approved officers prior to the outcome of the case is to alleviate economic
>> hardship in protracted causes and thereby facilitate competent and efficient
>> administration.  *Id.*  "Interim allowance" was a term of art under the
>> former Bankruptcy Act, representing a payment on account of the final fee
>> allowance awarded at the end of a bankruptcy case.  *Id.*
>>
>> At the end of a case the Court could evaluate fee applications in light of
>> certain criteria, including the results achieved, the contribution of each
>> party, the total amount available for distribution, and the aggregate
>> economic burden that allowances of compensation might impose upon a
>> debtor or estate.  *Id.*  The Third Circuit stated, "[s]ound practice dictates
>> that ordinarily all final allowances, including those to the trustee and his
>> counsel, should await consummation of the proceeding."  *Id. (quoting In
>> re Keystone Holding Co.*, 117 F.2d 1003, 1006 (3d Cir. 1941)).

Interim fee awards are interlocutory only and not a final adjudication of the issue of

compensation.  *In re Columbia Plastics, Inc.* 251 B.R. 580, 590 (Bankr. W.D. Wash. 2000); *In re

Callister*, 673 F.2d 305, 307 (10th Cir. 1982).  The relief awarded under § 331 in no way restricts

a bankruptcy court's ability to craft a final award under 11 U.S.C. § 330, because interim awards

are always subject to the court's reexamination and adjustment during the course of a case.

*Leichty v. Neary, (In re Strand)*, 375 F.3d 854, 858 (9th Cir. 2004).

This Court is obligated to review each request for fees and costs to determine whether the

applicant provided:

1.  a description of the services provided, setting forth, at a minimum, the parties

involved, and the nature and purpose of each task;
2.  the date each service was provided;
3.  the amount of time spent performing each task; and
4.  the amount of fees requested for performing each task.

*In re WRB-W. Assocs.*, 9 Mont. B.R. 17, 18-20 (Bankr. D. Mont. 1990).

The Reely Law Firm was employed by the Trustee on an hourly fee basis plus costs, which the Court approved by Order entered on November 19, 2016.  After reviewing the Interim Application and attached invoices, which describe services provided and costs incurred by the Reely Law Firm from 11/5/2016 through 2/12/2016, in the absence of any objection after notice and based upon the liberal policy under § 331, the Court will award the interim fees and costs requested.  Final review and approval shall await the filing of a final application for compensation of the Reely Law Firm.

**IT IS ORDERED** the Trustee's Interim Application for Professional Fees and Costs filed on April 19, 2016, is approved; and special counsel Shane N. Reely and Michael M. Lawlor of the Reely Law Firm, P.C., are awarded interim professional fees in the amount of $5,084.00. Final approval of these and all future awards of professional fees and costs shall be reserved until a final fee application for the above-named Applicants has been filed and reviewed by the Court.

Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge

3