UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**SHOOT THE MOON, LLC,**

Debtor.

Case No. **15-60979-11**

*MEMORANDUM OF DECISION*

At Butte in said District this 7th day of June, 2016.

In this Chapter 11 bankruptcy case, after notice this Court held a hearing at Great Falls on June 3, 2016, on the Chapter 11 Trustee's Motion to Reconsider (Doc. 415) this Court's Memorandum of Decision and Order (Doc. 398), which granted Prime A Investments, LLC's ("Prime A") motion to compel and ordered the Trustee to pay Prime A immediately the sum of $83,600.00 for postpetition payments due under a shopping center lease of nonresidential real property, under 11 U.S.C. § 365(d)(3). DIP financing lender Western Alliance Bank ("WAB") filed a joinder (Doc. 432) to the Trustee's Motion and was represented at the hearing by counsel in support. Prime A filed an objection and was represented by counsel in opposition. No testimony or exhibits were admitted. The Court heard argument of counsel, after which the Court took the Trustee's Motion to Reconsider under advisement. After review of the Trustee's Motion, WAB's joinder, Prime A's objection, this Court's Order and Memorandum of Decision (Doc. 397), the record and applicable law, the Court denies the Trustee's Motion to Reconsider based on the Trustee's failure to satisfy the requirements for reconsideration under Fed. R. Civ. P. 59 (applicable in cases under the Bankruptcy Code under F.R.B.P. 9023).

The Trustee was represented at the hearing by attorney Trent N. Baker of Datsopoulos, MacDonald & Lind, P.C., of Missoula. WAB was represented by attorney Ronald Bender of

Worden Thane PC, of Missoula.  Prime A was represented by attorneys Ryan O'Dea of Shulman Hodges & Bastian LLP, of Irvine, CA, and Doug James of Moulton Bellingham PC, of Billings.

The Trustee's Motion to Reconsider asks for relief under Rule 59.  Rule 59(e) includes motions for reconsideration.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2nd § 2810.1.  In *Brandt v. Esplanade of Central Montana, Inc., et al.* (*"Brandt"*), 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.  *School Dist. No. 1J, Mutnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)."  *See also In re Teigen*, 11 Mont. B.R. 91, 92 (Bankr. D. Mont. 1992).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  The Trustee's Motion to Reconsider does not present newly discovered evidence which was not available to the Trustee earlier in this case, and does not argue that there was an intervening change in the controlling law.

The Trustee argues that this Court committed clear error because of changes in relevant facts just prior to the hearing in Prime A's motion to compel, and that the Court's decision ordering immediate payment to Prime A is likely to result in manifest injustice because the estate

does not have adequate funds to pay Prime A and other pending administrative claims, including those of the Trustee. WAB asks that the Court amend its Order to relieve the Trustee of the obligation to pay Prime A immediately ahead of the other administrative claims and WAB's super-priority claims.

The Trustee argues that the Ninth Circuit decision *Temecula v. LPM Corp. (In re LPM Corp.)*, 300 F.3d 1134, 1138 (9th Cir. 2002) is "directly on point and controlling in this case." The Court disagrees, and distinguishes *LPM* because that decision was made after LPM's chapter 11 case was converted to a chapter 7. 300 F.3d at 1136. The instant Chapter 11 case has not been converted.

This Court's Memorandum of Decision cites *LPM*. Doc. 397, pages 10-11. The Memorandum also includes extended quotations from *In re Cukierman*, 265 F.2d 845, 846, 849, 850-52 (9th Cir. 2001), based upon which this Court overruled the Trustee's objections and granted Prime A's motion to compel the Trustee to pay Prime A immediately the sum of $83,600. The Court notes that the bankruptcy court in *LPM* entered a similar order granting a creditor's motion to compel immediate payment based on § 365(d)(3) while the case was in chapter 11. *LPM*, 300 F.3d at 1135-36.

The Trustee's Motion to Reconsider does little more than repeat the same arguments which the Court considered and rejected in its Memorandum of Decision and Order. Section 365(d)(3) requires immediate payment under the lease. *LPM*, 300 F.3d at1138; *Cukierman*, 265 F.3d at 850-51. The allowance of unpaid lease payments as an administrative expense in *Cukierman* occurred only because the trustee in that case had failed to pay lease payments as required by § 365(d)(3). This Court finds no grounds to reconsider and grant the Trustee relief when he seeks to delay making timely payment of shopping center lease payments required under

3

§ 365(d)(3). The Trustee argues that the estate has insufficient funds to timely pay Prime A under the lease as required by § 365(d)(3), while at the same time the Trustee has pending, at the time of the Memorandum of Decision, applications requesting interim fee awards for himself in the amount of $218,458.50.

WAB's joinder is untimely. WAB's attorney-of-record was served electronically with Prime A's motion to compel but did not file a response or appear at the hearing on Prime A's motion. WAB argues that it has a super-priority claim based on the DIP financing order, Doc. 135. The Court notes that Doc. 135 provides at page 6: "Trustee is authorized to use the Estate Funds only to pay ordinary and necessary operating expenses for the Estate's business[.]" Lease payments due under § 365(d)(3) must, in this Court's view, be considered ordinary and necessary operating expenses for the estate's business and thus were already authorized under and consistent with the DIP financing order. WAB did not argue or show that the DIP financing motion or DIP financing order sought relief from payment of the unexpired lease of nonresidential real property from Prime A, or cite any authority under which this Court could or should grant relief from § 365(d)(3).

The Court concludes that the Trustee and WAB have failed their burden of proof to show sufficient cause for reconsideration under Rule 59.

**IT IS ORDERED** a separate Order shall be entered denying the Trustee's Motion to Reconsider (Doc. 415) and WAB's joinder thereto.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge