Aaron G. York
Trial Attorney
Office of United States Trustee
Liberty Center, Suite 204
301 Central Avenue
Great Falls, MT 59401
aaron.g.york@usdoj.gov
Phone (406) 761-8777
Fax    (406) 761-8895
AZ State Bar No. 027810
(Attorney for United States Trustee)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re ) | Case No. 15-60979-11 | |
| ) | | |
| SHOOT THE MOON, LLC, ) | **NOTICE OF HEARING** | |
| ) | Date: | **September 15, 2016** |
| Debtor. ) | Time: | **9:00 a.m.** |
| ) | Location: | **Missouri River Courthouse** |
| ) | | **125 Central Avenue West** |
| | | **Great Falls, MT 59404** |

_____

### OBJECTION TO MOTION FOR APPROVAL OF SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS
_____

The Acting United States Trustee Gail Brehm Geiger ("UST"), through her counsel Aaron G. York, respectfully submits this objection to the Motion for Approval of Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests [Docket No. 743] (the "Sale Motion") for the following reasons:

### GENERAL BACKGROUND

The Chapter 11 Trustee ("Trustee"), Jeremiah Foster, has requested the Court to approve the sale of substantially all of the assets of the Debtor's estate free and clear of all liens, claims, encumbrances, rights, and other interests (collectively, the "Interests"), with such Interests to

1

"attach to the proceeds of the Sale, with proceeds to be distributed or reserved at closing as ordered by the Court." (Sale Motion, ¶ 34). The proposed sale is for the aggregate amount of $12,448,000 and assumption of certain liabilities.

The Sale Motion acknowledges that the primary secured lenders (First Interstate Bank and Western Alliance Bank) have not consented to the Sale Motion: "Currently, neither FIB, nor WAB has consented to the Sale, and each has reserved all rights thereto." (Sale Motion, ¶ 33). Even so, the Trustee appears to contemplate attempting to reach agreements with those secured lenders, as well as other parties, concerning allocation of the proceeds. More specifically, the Sale Motion states: "No less than three (3) business days before the hearing on this Motion, the Trustee will file a report regarding the agreements reached with secured creditors and other parties regarding payments from Sale proceeds and related matters." (*Id*.).

## SALE MOTION OBJECTIONS

**A.     The Trustee Should Provide Additional Legal and Factual Support**

The Trustee makes many factual assertions concerning, among other things, the marketing of the assets and the need for an immediate sale. Given the substantial nature of the sale, and that it is taking place outside the plan confirmation process, these matters should be further supported by evidence on the record at a hearing with respect to the Sale Motion.

In addition, as legal justification for a sale free and clear of Interests, the Sale Motion states: "The Trustee submits that each Lien, Claim, and Encumbrance that is not an assumed liability satisfies at least one of the five conditions of section 363(f) of the Bankruptcy Code, and that any such Lien, Claim, or Encumbrance will be adequately protected either being paid in full at the time of closing, or by having it attach to the Sale Proceeds, subject to any claims and defenses that may be asserted thereto." (Sale Motion, ¶ 49). Providing some limited additional

2

specificity, the Sale Motion states: "To the extent there are any secured creditors that do not consent to the Sale, (a) applicable nonbankruptcy law permits the sale of the Assets free and clear of such creditors' claims, (b) their interests are disputed, or (c) such creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their claims." (Sale Motion, ¶ 50).

As a matter of due process, the Sale Motion should specify and support with respect to each Interest the legal and factual basis for his conclusion that he can satisfy one of the five conditions of section 363(f) for a sale free and clear. For example, if the Trustee is relying on consent under section 363(f)(2) to sell free and clear of a particular Interest, the Trustee should provide evidence of affirmative consent (or the legal basis for accepting implied consent). If the Trustee is not relying on consent, then the Trustee should provide the legal and factual basis for satisfying one of the other conditions of section 363(f) with respect to each particular Interest that will attach to the sale proceeds.

**B.    Distribution of Sale Proceeds Cannot Be Effected Outside of a Plan**

While it appears from the Sale Motion that an immediate sale may be advisable under the circumstances, the Trustee cannot use that expediency to thwart the plan confirmation process with respect to the allocation and distribution of the proceeds of that sale. This proposed sale does not involve the typical scenario where distribution of sale proceeds is made to one or two claimants according to undisputed lien priorities. Instead, the Trustee has attached pages of exhibits to the Sale Motion that purport to describe the various Interests in the assets. The Trustee then goes on to state that he anticipates using the proceeds of the sale to pay "agreed", "allowed" or "appropriate" amounts to various secured creditors (Sale Motion, ¶ 27), equipment lenders and lessors (Sale Motion, ¶ 28), administrative claimants (Sale Motion, ¶ 29), taxing

authorities (Sale Motion, ¶ 30), and executory contract or unexpired lease cure claimants (Sale Motion, ¶ 31).  As a result, the Trustee states that he "continues to work with various creditors on issues relating to the allocation of the Sale proceeds, including issues relating to payment of secured claims, cure amounts, closing costs and administrative claims."  (Sale Motion, ¶ 33). Further, it is with respect to such resolutions that the Trustee contemplates that "no less than three (3) business days before the hearing on this Motion, the Trustee will file a report regarding the agreements reached with secured creditors and other parties regarding payments from the Sale proceeds and related matters."  (Id.)

Three business days is not enough time for parties in interest or the Court to evaluate any such agreements.  Further, the settlements and distributions the Trustee appears to be contemplating out of the sale proceeds cannot take place under the Sale Motion.  Instead, those matters must be subject to the disclosure and plan confirmation requirements specified in sections 1125, 1126 and 1129 of the Bankruptcy Code.  In this way, parties in interest get the disclosure they currently lack and they receive the process due them under chapter 11.

Previously, in connection with a request to extend the exclusivity period, the Trustee had recognized that he should present the proposed sale in conjunction with a plan.  It was the UST's position that that was the safer course because, for years, this Court has been reluctant to approve transactions that constitute a *de facto* or *sub rosa* reorganization without a corresponding plan and disclosure statement.  *See, e.g., In re Stock*, 5 M.B.R. 180, 181 (Bankr. D. Mt. Dec. 11, 1987) ("In short, sale of all of the principal assets of the Chapter 11 Debtor cannot be allowed where to do so constitutes a de facto reorganization that circumvents the procedural safeguards of Chapter 11."); *cf. In re Copper King Inn*, 5 M.B.R. 250, 252-56 (Bankr. D. Mt. Dec. 30, 1987) (approving motion to sell assets of estate over objection that sale constituted de facto

4

reorganization where disclosure statement setting forth conditions of sale had been approved and liquidating plan was on file).

Since that time, the Court has indicated that, in appropriate circumstances, it may be more amenable to allowing a sale of substantially all of an estate's assets outside of the plan confirmation process. However, accommodating a sale of assets to prevent further diminution in value does not justify completely side-stepping the disclosure and plan confirmation process by permitting the Trustee to enter into agreements with respect to distribution of the proceeds of the sale that would eliminate the need for a plan of reorganization. This is the very thing the prohibition against sub rosa plans is designed to prevent. *See Motorola, Inc. v. Official Committee of Unsecured Creditors (In re Iridium Operating LLC),* 478 F.3d 452, 466 (2d Cir. 2007) ("The reason sub rosa plans are prohibited is based on a fear that a debtor-in-possession will, in effect, 'short circuit the requirements of chapter 11 for confirmation of a reorganization plan.'").

Section 1125 of the Bankruptcy Code prohibits the solicitation of an acceptance of a plan without providing a disclosure statement, approved by the Court, containing adequate information. In effect, that is what the Trustee is contemplating and proposing in the Sale Motion. If the Interest holders' consent cannot be obtained without "buying" them off via these contemplated agreements made outside the disclosure and plan confirmation process, and section 363(f)'s requirements cannot otherwise be met, then the sale should not be approved. If section 363(f)'s requirements can be met, but a plan cannot be proposed and confirmed, then after the sale the case should be converted and proceeds distributed under chapter 7 of the Bankruptcy Code.

WHEREFORE, the Court is requested to deny the Sale Motion to the extent (1) the Trustee does not present sufficient factual and legal basis for the relief requested; and (2) the Sale Motion proposes to distribute the sale proceeds to claimants at the sale closing and without undertaking the disclosure and plan confirmation process.

DATED this 9th day of August, 2016.

                                      GAIL BREHM GEIGER
                                      Acting United States Trustee
                                      Region 18

                                      By: /s/ Aaron G. York
                                             AARON G. YORK
                                             (Attorney for United States Trustee)

CERTIFICATE OF MAILING

       I, the undersigned, Aaron G. York, do hereby certify under penalty of perjury that a copy of the within and foregoing Objection to Motion for Approval of Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, was sent by first class mail postage prepaid on the 9th day of August, 2016, at Great Falls, Montana, and directed to the following:

Blake Parrish
14572 South 790 West, Suite A101
Bluffdale, Utah 84065

Counsel for Buyer

Joseph M.R. Covey
Parr Brown Gee & Loveless
101 South 200 East, Suite 700
Salt Lake City, Utah 84111

Counsel for Buyer

David A. Coleman
Coleman, Ritchie & Cluff
Attorneys at Law
156 2nd Avenue West
Twin Falls, Idaho 83303-0525

Counsel for Lessor Meldco, Inc.

                                                         /s/ Aaron G. York
                                                         AARON G. YORK