Charles E. Hansberry
Jenny M. Jourdonnais
HANSBERRY & JOURDONNAIS, PLLC
3111 Grant Street, Suite B
Missoula, MT 59801
Telephone (406) 203-1730
Telefax (406) 205-3170
Chuck@HJBusinessLaw.com
State Bar I.D. 4132
Jenny@HJBusinessLaw.com
State Bar I.D. 11906

Joseph M.R. Covey *(pro hac vice pending)*
LaShel Shaw *(pro hac vice pending)*
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 257-7920
Telefax: (801) 532-7750
JCovey@parrbrown.com
LShaw@parrbrown.com

*Attorneys for Paradigm Restaurants, L.C.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>SHOOT THE MOON, L.C.,<br><br><br><br>Debtor. | Case No. 15-60979-11<br><br>**OBJECTION TO DISCLOSURE STATEMENT (DKT. 963) HEARING SET FOR MAY 17, 2017 AT 9:30 A.M.** |

    Paradigm Restaurants, L.C. ("Paradigm"), hereby respectfully objects to the

Disclosure Statement (Dkt. No. 963), filed March 3, 2017 for the following

reasons:

1

The Disclosure Statement fails to recognize the outstanding obligation of the Trustee to pay property taxes on certain assets conveyed to Paradigm in the course of this bankruptcy, as the Trustee is contractually obligated to do.

## FACTS

At the time of filing for Bankruptcy relief, the Debtor consisted of nineteen related entities, eleven of which were in operation as Chili's restaurants pursuant to franchise agreements. Three of the eleven restaurants operated from real estate owned by the Debtor in Montana and Idaho. The remaining eight locations operated on leased property. Each of the restaurants continued to operate throughout the bankruptcy proceedings. Concerned that the continuing operation of the restaurants was requiring ongoing post-petition financing, the Trustee sought to market assets related to the Chili's restaurants beginning in early 2016.

In April, 2016, Paradigm bid to purchase various assets, including the Chili's business and enterprise assets and related real property owned by Debtor, out of the bankruptcy for over $12,000,000. This sale was stipulated to by each of the creditors, and the Court approved the sale on September 26, 2016 by its Order Authorizing and Approving (1) Sale of Substantially All of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, and Granting Related Relief; (2) Stipulation and Settlement Motion for Approval of Sale of Substantially all of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and

Interests; (3) Stipulation with the Unsecured Creditors Committee; and (4) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and Granting Related Relief (Dkt. No. 838) (hereinafter, the "Order").

In connection with the sale, an asset purchase agreement was entered into between Trustee and Paradigm Restaurant (the "Asset Purchase Agreement"), with a closing date of October 28, 2016.  Section 1.4(a)(i) of the Asset Purchase Agreement provided "The Purchase Price shall be subject to proration . . . between Seller and Purchaser . . . effective as of 12:01 a.m., local time, on the Closing Date and shall occur as follows . . . :  Liability for state and local real estate and personal property taxes, sales, use or liquor taxes relating to the operations of the Business, water and sewer use charges, and special assessments and tax abatements assessed on the Purchased Assets payable with respect to any period prior to the Closing Date shall be prorated as between Seller and Purchaser on the basis of the number of days of the tax year or period elapsed prior to the Closing Date (regardless of lien date and/or regardless of when such taxes or charges are assessed or attached, or deemed to have been assessed or attached)."  At the time of closing, no credit was given towards the purchase price on the basis of the property taxes.

Since that time, property taxes have been assessed on seven parcels conveyed by purchase or lease to Paradigm in the bankruptcy.  All told, 2016

property taxes on the assets conveyed to Paradigm total $128,576.24. The pro rata share of property taxes owed by the Debtor, incurred prior to the October 28, 2016 closing date, total $105,679.12.

Upon receiving a property tax bill on one of the properties, at 916 Broadway in Boise, Idaho, Paradigm contacted the Trustee to ask for payment of the Debtor's pro rata share of the taxes. Trustee has yet to agree to make any payment, and Paradigm was required to pay the $13,300 property tax bill in full. Paradigm then filed an adversarial proceeding in connection with this bankruptcy, seeking a determination that the Trustee be compelled to set aside the $105,679.12 in unpaid, pre-closing property taxes and to pay Paradigm's fees and costs incurred in recovering the same.[1]

## OBJECTIONS

The Bankruptcy Code provides: "An acceptance or rejection of a plan may not be solicited . . . unless . . . there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. § 1125(b). "Adequate information" is defined in Section 1125 as being:

---

[1] This Objection was not filed earlier because Paradigm only became aware of the outstanding taxes owed in mid-March. In late March Paradigm sought reimbursement from the Trustee, through counsel. Given the correspondence between Paradigm and the Trustee on this subject Paradigm was hopeful that the taxes would be paid, but it has not yet received a substantive response from the Trustee and considered it prudent to move forward with filing an objection and its adversarial proceeding without further delay.

4

> Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125(a)(1). The determination of what constitutes adequate information is subjective, and within the discretion of the bankruptcy court. *In re Brotby*, 303 B.R. 177, 193 (9th Cir. 2003).

The Disclosure Statement fails to adequately describe the $105,679.12 liability for the property taxes, which are contractually owed but which are not disclosed in the plan. *See In re Garcia*, --- F.3d -----, 2016 WL 7324153 at *8 (E.D. Cal. Bankr. Dec. 14, 2016) (A disclosure statement leaving out "such basic information as how taxes were to be paid" was "grossly inadequate."). The Disclosure Statement should, at a minimum, disclose the unpaid property tax issue or, more appropriately, provide that the amount of the property taxes is set aside from the estate, as was contemplated in the Asset Purchase Agreement.

## RESERVATION OF RIGHTS

Paradigm does not waive any, and expressly reserves all, of its rights, defenses, and/or claims under the Asset Purchase Agreement, applicable law, or otherwise. Furthermore, Paradigm reserves all of its rights to pursue the issues

5

contained in this objection and any other related issues in any contested matter and/or adversary proceeding. Paradigm reserves its rights to amend, modify, or supplement this limited objection in response to, or as a result of, any discovery or other submission in connection with this bankruptcy case filed by any other party in interest, and Paradigm reserves its right to adopt any other objections to approval of the Disclosure Statement filed by any other party in interest.

## CONCLUSION

For the reasons set forth above, the Disclosure Statement fails to provide adequate information about material aspects of the Plan and fails to disclose material risk factors associated with the Plan, and therefore does not satisfy the minimum standards required by Section 1125 of the Bankruptcy Code. Accordingly, it should not be approved.

DATED this 11th day of May, 2017.

                                                            /s/ Jenny M. Jourdonnais
                                                            Attorneys for Paradigm Restaurants, L.C.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 11th, 2017 a copy of the foregoing document was served electronically to all interested parties by ECF on the date noted above.

        /s/ Jenny M. Jourdonnais
        Attorneys for Paradigm Restaurants, L.C.