Jeremiah Foster
Resolute Commercial
7201 E. Camelback Rd., Ste. 250
Scottsdale, AZ 85251
Telephone: (480) 947-3248
Email: jfoster@resolutecommercial.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| In re<br><br>SHOOT THE MOON, LLC,<br><br>Debtor. | Case No. 15-60979-11 |
|---|---|

### APPLICATION TO APPROVE EMPLOYMENT OF PROFESSIONAL; AND AFFIDAVIT

Comes now trustee, Jeremiah Foster, by and through his counsel of record, David B. Cotner of Cotner Law, PLLC, and pursuant to 11 U.S.C. §§ 327(a) 328(a) and Bankruptcy Rule 2014(a), hereby makes application to employ a professional and respectfully represents as follows:

1. The Debtor has filed a petition herein on October 21, 2015, under Chapter 11 of Title 11, United States Code.

2. The Court conditionally approved the appointment of Jeremiah Foster as Trustee on October 28, 2015, and thereafter appointed Jeremiah Foster as Trustee without condition on November 5, 2015.

3. On May 1, 2017, David B. Cotner left Datsopoulos, MacDonald & Lind, P.C. ("DM&L") and started his own firm, Cotner Law, PLLC.

4. Trustee wishes to employ the law firm of Cotner Law, PLLC. (hereinafter the "Professional") in its capacity as attorney for the estate to pursue claims against third parties on behalf of the estate.

5. Trustee has selected the Professional because of its specialized knowledge and expertise in trustee representation in bankruptcy, commercial litigation, and experience in handling the type of third party claims contemplated by Trustee. Trustee believes said Professional is well qualified to represent Trustee.

6. The services that Trustee anticipates requiring from the Professional include the following: investigating and, if appropriate and beneficial to the estate, pursuing claims against third parties on behalf of the estate, including claims such as the following:

    a. Preferential Transfers;

    b. Fraudulent Transfers;

    c. Director and Officer Negligence/Wrongful Conduct;

    d. Recovery Assets of the Estate;

    e. Professional Negligence; and

    f. Usury Claims

7. The employment of the Professional is in the best interest of the estate.

8. The employment of the Professional will provide continuity in the pursuit of these claims as Professional is the person most familiar with the claims.

9. To the best of Trustee's knowledge, the Professional has no connection with the creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

10. The Professional is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code in that the Professional, its partners and employees: (a) are not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within two years before the date of the filing of the Debtor's chapter 11 petition on October 21, 2015 (the "Commencement Date"), directors, officers, or employees of the Debtor; and (c) do not have an interest materially adverse to the interests of the Debtor's estate or of my class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

11. The Professional represents no interest adverse to Debtor or the estate in matters upon which the Professional is to be engaged, and the Professional's employment would be in the best interest of the estate.

12. The terms of employment of the Professional, agreed to by the Trustee, subject to the approval of the Court are: Trustee shall pay Professional a contingency fee on each separate claim as follows:

   a. Twenty-Five Percent (25%) of all gross sums or property value recovered through settlement memorialized in writing on or before the sixtieth (60th) day after filing an action on such claim;

   b. Thirty-Three percent (33.33%) of all gross sums or property value recovered through settlement or judgment for the benefit of Client after a claim has been filed for sixty (60) days;

   c. Forty percent (40%) of all gross sums or property value recovered for the benefit of the client if the settlement or judgment is obtained on or after a period commencing forty-five (45) days prior to the scheduled trial or later; and

   d. Forty-five percent (45%) of the gross sums or property value recovered for the benefit of the client after an appeal is filed by either party.

Trustee shall reimburse Professional for all costs and expenses. The terms of employment of Professional are more fully set forth in the Attorney-Client Contract attached hereto as Exhibit "A".

13. These terms are identical to the terms provided to Professional as an employee of DM&L. That application was approved by Order of this Court (Docket No. 905).

14. The fees paid under this application will not be in addition to fees paid to DM&L. Trustee has requested Professional to be lead counsel and choose what other attorneys assist him.

15. No retainer has been paid to the Professional.

16. David B. Cotner, on behalf of the Professional, has executed an Affidavit which is attached hereto as Exhibit "B" and by this reference is incorporated herein.

DATED this 27 day of September, 2017.

_____
Jeremiah Foster

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 4th day of October 2017 a copy of the foregoing Application for Appointment of Attorney for Trustee was served electronically by the Court's ECF notice to parties requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy via First Class Mail, postage prepaid, at Missoula, Montana, to the following persons or entities who are not ECF registered users: N/A

                                                                                                             /s/ David B. Cotner  
                                                                                                             David B. Cotner