David B. Cotner (Bar # 2386)
COTNER LAW, PLLC
2700 Radio Way
Missoula, MT 59808
Phone: (406) 541-1111
Fax:    (406) 541-1122
Email: dcotner@cotnerlaw.com

Trent N. Baker (Bar # 5935)
DATSOPOULOS, MacDONALD & LIND, P.C.
201 W. Main St. Ste. 201
Missoula, Montana 59802
Phone: (406) 728-0810
Fax:    (406) 543-0134
Email: tbaker@dmllaw.com

*Attorneys for Jeramiah Foster*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| In re | Case No. 15-60979-11 |
|---|---|
| SHOOT THE MOON, LLC, | |
| Debtor. | |

## PLAN OF LIQUIDATION

Jeremiah Foster, the Chapter 11 Trustee ("Trustee") of the bankruptcy estate

of Shoot the Moon, LLC, debtor in the above-captioned Chapter 11 case ("Debtor"

or "STM"), by and through counsel, proposes the following Plan of Liquidation pursuant to Sub-Chapter II of Chapter 11 of the Bankruptcy Code:

## ARTICLE I
## DISCLOSURE STATEMENT

1.0     The Trustee has filed a Disclosure Statement pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3016(c).  The Disclosure Statement provides useful information to aid and assist creditors and equity interest holders in voting on the Plan.  YOU ARE URGED TO READ THE DISCLOSURE STATEMENT WITH CARE IN EVALUATING THE IMPACT OF THE PLAN UPON YOUR CLAIMS OR SECURITY INTERESTS.

## ARTICLE II
## DEFINITION OF TERMS

2.0     A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code shall have the meaning ascribed in the Bankruptcy Code. When used in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:

2.1     ALLOWED CLAIM: Any claim in the amount and of the priority classification set forth in the proof of such claim that has been filed timely in the Liquidation Case, or in the absence of such proof, as set forth in the Debtor's schedules of liabilities filed in the Liquidation Case, unless: (i) such claim has been listed in such schedules as disputed or unliquidated, in which case such claim shall

be allowed only in such amount and such classification as is authorized by Final Order of the Bankruptcy Court; (ii) such claim has been objected to or is objected to after Confirmation, in which case such claim shall be allowed only in such amount and such classification as authorized by order of the Bankruptcy Court; or, (iii) such claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

2.2    ALLOWED INTEREST: Any Equity Interest in the amount and of the priority classification, as set forth in the Debtor's listings and schedules filed in the Liquidation Case.

2.3    AS SOON AS PRACTICABLE: Unless extended by court order, within thirty days following the occurrence of a triggering event.

2.4    BANKRUPTCY CODE or CODE: The Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and incorporating all amendments thereafter.

2.5    BANKRUPTCY COURT or COURT: The United States Bankruptcy Court for the District of Montana, before which the Liquidation Case is pending, or if that Court ceases to exercise jurisdiction over the Bankruptcy Case, the Court that does properly exercise jurisdiction over the proceeding or a related proceeding.

CHAPTER 11 PLAN                                                                                    3

2.6    BUYER: Paradigm Restaurants, L.C., a Utah limited liability company.

2.7    CASE: Chapter 11 case pending before the Bankruptcy Court commenced by the Debtor, designated Case No. 15-60979-11.

2.8    CLASS: A class of claims or equity interests as defined in Article III of this Plan.

2.9    CONFIRMATION: The entry of the Final Order of Confirmation by the Bankruptcy Court.

2.10   DEBTOR: Shoot the Moon, LLC.

2.11   DISPUTED CLAIM: A filed or scheduled claim of an alleged creditor as to which an objection has been filed by a party in interest, or which is listed as disputed in the bankruptcy petition and schedules in the Liquidation Case, or in this Plan and the Disclosure Statement, or which has been objected to or is objected to after Confirmation.

2.12   EFFECTIVE DATE: Thirty (30) days after Confirmation unless the effect of the Order of Confirmation is stayed under Bankruptcy Rule 8005.

2.13   ESTATE: The Estate created pursuant to § 541 of the Bankruptcy Code.

2.14   FINAL ORDER: An order of the Bankruptcy Court confirming the Plan pursuant to § 1129 of the Bankruptcy Code.

2.15   LIQUIDATING TRUST: Upon the Effective Date all remaining assets of the Estate shall be transferred into the STM Liquidating Trust pursuant to the STM Liquidating Trust Agreement, which is appended to the Disclosure Statement as Appendix L.  In general, the Trust will be responsible for resolving, collecting or litigating all affirmative and defensive claims, administering claims, filing appropriate federal and state tax returns and paying any taxes owed by the Trust, paying expenses of the Trust, paying the Liquidating Trustee and professionals, and making distributions to administrative claimants, priority claimants, general unsecured claimants and the equity interest holders.  To the extent funds are available, distribution shall be made in accordance with the terms of the Plan following Final Order.  The Trust shall prosecute affirmative claims or actions on behalf of the Debtor and/or the Liquidating Trust and, to the extent funds are available to pay claims, the Trust shall object to disputed, overstated or otherwise improper claims.  Once all claims objections, collection activities and any litigation are concluded, the Trust shall distribute all remaining funds in the priority scheme set forth herein and, once distributed, shall terminate.  Parties in interest are referred to the STM Liquidating Trust Agreement at Appendix L to the

Disclosure Statement and are directed to read the terms of the Trust Agreement closely.

2.16  PETITION DATE: October 21, 2015, the date upon which the Debtor filed the Chapter 11 Petition commencing this Case.

2.17.  PLAN: This Plan in its present form or as it may be amended or modified from time to time pursuant to order of the Bankruptcy Court.

2.18  PROFESSIONAL PERSONS: Persons retained or to be compensated pursuant to §§ 326, 327, 328, 330 and/or 1103 of the Bankruptcy Code or the STM Liquidating Trust Agreement.

2.19.  PRO RATA: Proportionally so that the ratio of the amount distributed on account of a particular Allowed Claim to the amount of such Allowed Claim is the same as the ratio of the amount distributed on account of all Allowed Claims in the Class of which such particular Allowed Claim is a member to the total amount of all Allowed Claims in such Class.

2.20  SALE:  The sale of substantially all of the Debtor's Assets to Buyer, free and clear of all liens, claims, rights, encumbrances, and other interests, with all liens, claims, encumbrances, rights, and other interests will attach to the proceeds of the Sale, with proceeds to be distributed or reserved at closing pursuant to the Trustee's Sale Motion and the Court's Sale Order approving the same.

2.21   SALE AGREEMENT: Asset Purchase Agreement and three Commercial Buy-Sell Agreements dated July 26, 2016 executed by Buyer and Trustee for the Sale.

2.22   SALE MOTION: Trustee's motion requesting the entry of an order (a) approving the Sale of substantially all of the Debtor's assets pursuant to the terms of an asset purchase agreement; (b) approving the sale of the assets free and clear of all liens, claims, rights, encumbrances, and other interests; (c) providing for distribution of Sale proceeds and creation of reserves; and (d) granting related relief.  (Doc. 743)

2.23   SALE ORDER: The Court's order granting the Trustee's Sale Motion, approving Trustee's Motion to Assume and Assign (to Buyer) Unexpired Leases and Executory Contracts (Doc. 767), approving various stipulations with counter-parties to certain assumed and assigned contracts (Doc. 806 – 810, 820 and 822), and approving the Sale.  (Doc. 838)

2.24   SALE PRICE:  The cash purchase price under the Sale Agreement.

2.25   SECURED CLAIM: An Allowed Claim that is a secured claim against the Debtor determined in accordance with§§ 506, 552 and 1111 of the Bankruptcy Code.

2.26   TRUSTEE: Jeremiah Foster, the Chapter 11 Trustee of the bankruptcy estate of Debtor.

2.27   UNCLASSIFIED CLAIM: An Allowed Claim described in § 507(a)(2) and § 507(a)(8) of the Bankruptcy Code and any fees payable pursuant to 28 U.S.C. § 1930.

2.28   UNSECURED CLAIM: An Allowed Claim that is not a Secured Claim.

## ARTICLE III

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

3.0   All claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor are classified as set forth herein.  All claims are impaired.  A claim or interest is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class.

3.1   Class 1 – Administrative Claims: Class 1 consists of claims for balances of administrative claims unpaid as of the Effective Date of the Plan.  To the extent allowed after the claim objection process and related litigation, Class 1 Allowed Claims shall share Pro Rata in the proceeds of the STM Liquidating Trust.

3.2    Class 2 – Priority Unsecured Claims: Class 2 consists of the unsecured claims entitled to priority under Bankruptcy Code section 507(a), other than claims under 507(a) (2) and (8).  Class 2 includes unpaid wages of Debtor's employees, capped at $12,475.00 each.  To the extent allowed after the claim objection process and related litigation, Class 2 Allowed Claims shall receive from the proceeds of the STM Liquidating Trust, after payment of Class 1 Allowed Claims, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim.  The payments shall be made within three years of the Effective Date with interest at the federal judgment rate.  If the Claims are not paid as set forth above, the case shall be subject to conversion to Chapter 7.

3.3    Class 3 - Tax Claims: Class 3 consists of claims for balances of priority tax claims unpaid as of the Effective Date of the Plan.  To the extent allowed after the claim objection process and related litigation, Class 3 Allowed Claims shall share Pro Rata in the proceeds of the STM Liquidating Trust after payment of Class 1 and 2 Allowed Claims.

3.4    Class 4 – General Unsecured Claims: Class 4 consists of the claims of general unsecured creditors that filed proofs of claim prior to the claims bar date and secured creditors that filed proofs of claim prior to the claims bar date but did not receive any distribution from the proceeds of the Sale.  Class 4 claims are

CHAPTER 11 PLAN                                                                                    9

subject to favorable treatment over Class 5 claims, pursuant to the terms of the Stipulation filed on September 21, 2016 between the Official Committee of Unsecured Creditors, certain Secured Creditors and the Trustee (Doc. 835) which was approved by the Court in the Sale Order (Doc. 838).  To the extent allowed after the claim objection process and related litigation, Class 4 Allowed Claims shall share Pro Rata in the proceeds of the STM Liquidating Trust after payment of Class 1, 2 and 3 Allowed Claims.

     3.5     Class 5 – General Unsecured Claims: Class 5 consists of the claims of general unsecured creditors that received distributions from the proceeds of the Sale in partial satisfaction of their secured claims to the extent they submit amended proofs of claim for general unsecured claims in the amount of their deficiency claims following the Sale.  To the extent allowed after the claim objection process and any related litigation, Class 5 Allowed Claims shall share Pro Rata in in the proceeds of the STM Liquidating Trust with Class 4 Allowed Claims after payment of Class 1, 2 and 3 Allowed Claims and after Class 4 Allowed Claims receive the first 25% of any distribution, pursuant to the terms of the Stipulation filed on September 21, 2016 between the Official Committee of Unsecured Creditors, certain Secured Creditors and the Trustee (Doc. 835) which was approved by the Court in the Sale Order (Doc. 838).

CHAPTER 11 PLAN                                                                                                    10

3.6     Class 6 – Equity Interest Holders:  Class 6 consists of the members holding equity interests in the Debtor.  Equity Interest Holders shall receive no distributions under the Plan.

3.7     Administrative Claims: Cure costs for the unexpired leases and executory contracts assumed and assigned pursuant the Sale Order or subsequently approved administrative claims, professional fees, Trustee fees and fees due the U. S. Trustee have been or will be paid on or before the Effective Date of the Plan. Any administrative claims not paid on or before the effective date will, subject to the agreement of holders of such claims become Class 1 – Administrative Claims.

3.8     Unclassified Priority Claims: Certain priority tax claims were paid in whole or in part from the proceeds of the Sale.  Real estate taxes which operated as a lien upon real property of Debtor were paid from the proceeds of the Sale of Debtor's assets.  The State of Idaho Tax Commission received an agreed upon amount from the proceeds of the sale of Debtor's assets for payment of taxes which operated as a transfer restriction upon the Idaho liquor licenses which were subject to the Sale.  The balance of unpaid priority tax claims will be paid on or before the Effective Date of the Plan, except to the extent that holders of such claims have agreed to a different treatment.   Subject to the agreement of the holders of such claims, any priority tax claims unpaid as of the Effective Date will become Class 3 Unsecured Tax Claims.

3.9    Secured Claims: The Sale of Debtor's secured assets occurred pursuant to the Sale Motion and Order.  The Sale generated funds sufficient for the partial payment of Secured Claims, certain taxes and administrative expenses. Senior Secured Claims were paid in the agreed amounts upon closing of the Sale pursuant to the Sale Order.  The Sale of STM's assets did not generate sufficient funds for full payment of administrative claims, allowed Secured Claims, or for any distribution to general unsecured claimants.   Unpaid balances of Secured Claims are treated herein as general Unsecured Claims, with that those that received distributions from the Sale in Class 5 and those that did not in Class 4. Any creditor with a lien that no longer has any value will become a general unsecured creditor.

ARTICLE IV

CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

4.0    The Plan establishes six (6) classes of claims.  If the Plan is confirmed by the Bankruptcy Court and becomes effective, the class into which a claim falls will determine the manner in which such claim will be treated.   The classes of claims established in the Plan are summarized below:

Class 1 - Impaired
Class 2 - Impaired
Class 3 - Impaired
Class 4 - Impaired
Class 5 - Impaired
Class 6 - Impaired

All claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor are classified as set forth herein.  A claim or interest is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class.

## ARTICLE V

## SALE OF ASSETS AND PURSUIT OF CLAIMS TO FUND PLAN

5.0     The Trustee has sold substantially all of Debtor's assets pursuant to the Sale Order (Doc. 838), which is Appendix D to the Disclosure Statement.  The Sale closed on October 28, 2016 and the proceeds were disbursed pursuant to the Sale Order and on November 18, 2016, Trustee filed his Statement of Private Sale pursuant to Rule 6004(f) along with an itemized statement of the property sold and the price received for each item or lot or for the property as a whole were sold in bulk (Doc. 886), which is Appendix E to the Disclosure Statement.   READERS SHOULD REFER TO THE SALE ORDER AND DOCUMENTS REFERENCED THEREIN AND TRUSTEE'S STATEMENT OF PRIVATE SALE FOR COMPLETE DETAILS.

The proceeds of the Sale have been distributed pursuant to the Sale Order and have been or will be distributed pursuant to subsequent orders of the Court. Any unsold assets and funds which remain from the Sale of the Debtor's assets

after the foregoing distribution and all rights of the Debtor, shall be distributed and assigned to the STM Liquidating Trust on the Effective Date.  Within a reasonable time after the Effective Date, Trustee will seek a final decree closing the case. Upon the Effective Date, the Official Committee of Unsecured Creditors will be disbanded and its counsel relieved of further obligation.  After the Effective Date, The STM Liquidating Trust shall be responsible for administration, litigation and resolution of claims, and distribution to creditors holding allowed claims under the terms of the Plan and the Trust.

After the administration of the above listed claims and after the conclusion of all collection activities and affirmative or defensive litigation, any funds shall be divided among the respective classes of claimants according to the terms of this Plan and the Trust.  If any funds remain after payment of all administrative expenses, priority claim, and the unsecured general claims, the membership interests in STM shall be cancelled and the company will seek formal dissolution and the Trust will be terminated.

## ARTICLE VI

## MEANS FOR EXECUTION OF THE PLAN

6.0    The Trustee, the Estate and the STM Liquidating Trust shall each perform or shall have performed all the acts required of them herein, (unless the Trustee, the Estate and the STM Liquidating Trust shall agree to perform such acts

at an earlier time) on the Effective Date of the Plan.  The Effective Date of the Plan shall be thirty (30) days after the date the Plan is confirmed.

6.1     Upon the Effective Date, all assets and rights of the Estate remaining after closing of the Sale and distribution of the Sale proceeds will be assigned, transferred to and paid into the STM Liquidating Trust.  A copy of the proposed Trust Agreement of the STM Liquidating Trust is attached to the Disclosure Statement as Appendix L.

6.2     The beneficiaries of the STM Liquidating Trust shall be the priority and general unsecured creditors of STM who have Allowed Claims ("Beneficiaries").   The trustee of the STM Liquidating Trust ("Liquidating Trustee") shall assume the rights and powers of the Chapter 11 Trustee to the full extent allowed by law, and shall be a representative of the Estate responsible for administration, litigation and resolution of claims, and distribution to creditors holding Allowed Claims under the terms of the Plan and the Trust.   At the discretion of the Liquidating Trustee and consistent with the terms of the Plan regarding distributions, the STM Liquidating Trust may distribute the proceeds thereof, net of reserves for the future administrative costs of the STM Liquidating Trust, and future litigation expenses, including the requirement to defend appeals, may be paid over to the Beneficiaries as determined by the trustee.

6.3    Creditors and insiders who are the recipients of avoidable transfers under Chapter 5 of the Bankruptcy Code may not receive distributions as provided for under Section 502 of the Bankruptcy Code.  However, there is no guarantee that any collection efforts or litigation on behalf of the Trust will be successful, or even if successful, if there will be any results produced beneficial to the Trust estate.  The STM Liquidating Trust and the Liquidating Trustee shall reserve the right to make partial or interim distributions if there are substantial delays in the resolution of claims objections, so long as the disputed claims are prudently reserved for in the discretion of the Liquidating Trustee.

6.4    All rights, claims, and causes of action, whether equitable or legal, of the Trustee, Debtor or the Estate, against all persons arising under any provision of the Bankruptcy Code, under state or federal law, including those for the recovery of avoidable fraudulent conveyances or other transfers or under any other state or federal law ("Trust Causes of Action"), are reserved and shall be assigned and transferred to the STM Liquidating Trust and the Liquidating Trustee to the full extent allowed by law. Payment of a claim does not prohibit claims asserted against that claimant.

Following Confirmation, the STM Liquidating Trust and the Liquidating Trustee may commence or continue collection activities, or adversary or other proceedings against persons or entities to realize upon any such claims and causes

CHAPTER 11 PLAN                                                              16

of action.  The STM Liquidating Trust and the Liquidating Trustee shall also be responsible for all claims objections to the extent there are sufficient funds to pay such claims, and for making distributions to claimants through this Plan.  The Bankruptcy Court shall retain jurisdiction over claims and proceedings commenced by the STM Liquidating Trust.

6.5    The Liquidating Trustee shall receive compensation at a rate not to exceed 3% of disbursements from and after the Effective Date of the Plan, through the earlier of (i) the Termination Date of the Trust, (ii) the appointment of a new trustee for the Trust or (iii) the resignation of the Liquidating Trustee.  Such disbursements shall not include the value of assets initially transferred from the Estate to the STM Liquidating Trust, which have already been the subject of Trustee applications for compensation.  The Liquidating Trustee shall hire counsel and other professionals to assist Trustee in fulfilling the Liquidating Trustee duties, subject to consultation and oversight by the governance committee.  The initial Liquidating Trustee shall be Jeremiah Foster.

6.6    The STM Liquidating Trust and the Liquidating Trustee shall be responsible for preparing and filing federal and state tax returns for each tax year the bankruptcy Estate or Trust is in existence, and the final return for the bankruptcy Estate.  For the benefit of the STM Liquidating Trust the STM

Liquidating Trust and the Liquidating Trustee may, at the discretion of the Liquidating Trustee, amend federal and state tax returns for prior tax years.

6.7    Oversight of the STM Liquidating Trust and Liquidating Trustee shall be provided by an oversight committee consisting of representatives of the three (3) general unsecured claimants holding the largest general unsecured allowed claims who are not the subject of Trust Causes of Action.

6.8    Any objection to a claim by a party in interest in the Case must be filed within one year following the Effective Date unless said time period is extended by the Bankruptcy Court for cause shown.

6.9    Pursuant to § 347(b) of the Bankruptcy Code, 90 days after any distribution by the Liquidating Trustee or the STM Liquidating Trust provided for herein, the Liquidating Trustee or the STM Liquidating Trust shall stop payment on any check remaining unpaid and any funds shall be returned to the STM Liquidating Trust.  From and after the date the Liquidating Trustee or STM Liquidating Trust stops payment on any distribution check pursuant to this paragraph 6.9, the holder of the claim on account of which such check was issued shall be entitled to receive no further distributions on account of his claim and such holder's Allowed Claim shall thereupon be deemed satisfied in full.

6.10   The deadline for submission of all claims entitled to priority pursuant to § 507 of the Bankruptcy Code incurred prior to Confirmation, with the exception of administrative expenses and fees and costs of Professional Persons and taxes due, were due on the bar date which was extended to May 30, 2016. Except for Allowed Claims, failure to file a claim by this date conclusively bars the claimant from asserting his claim, which claim shall be forever discharged.

6.11   Any negotiable instrument held by the holder of an impaired Allowed Claim shall be deemed exchanged, canceled, or satisfied, as the case may be, on the Effective Date.

6.12   The STM Liquidating Trust and the Liquidating Trustee shall timely make all payments required under this Plan.

## ARTICLE VII

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.0   All executory contracts and unexpired leases of the Debtor, not assumed and assigned to the Buyer pursuant to the Sale Order or previously rejected, shall be deemed rejected on the Effective Date in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code.

## ARTICLE VIII

## EFFECTS OF CONFIRMATION

8.0    Binding Effect: This Plan shall be binding upon and inure to the benefit of the Debtor, Estate, the STM Liquidating Trust and Trustee, all present and former holders of claims and interests (and their respective successors and assigns), whether or not such holders vote for or against the Plan and whether or not such holders will receive or retain any property or interest in property under the Plan.

8.1    Discharge: Pursuant to 11 U.S.C. § 1141(d)(3), the Debtor shall not receive a discharge.

## ARTICLE IX

## MODIFICATIONS OF THE PLAN

9.0    Pursuant to the provisions of § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Trustee reserves the right to modify or alter the provisions of the Plan at any time prior or subsequent to Confirmation.

## ARTICLE X

## RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

10.0   Notwithstanding Confirmation, until entry of a final decree, the Bankruptcy Court shall retain jurisdiction to ensure that the purposes and intent of

the Plan are carried out.  Without limiting the generality of the foregoing, the Court shall retain jurisdiction for the following purposes:

10.1   Reexamining any claim that has been allowed;

10.2   Hearing and determining any objection to a claim or interest; and the failure of the Liquidating Trust to object to, or to examine any claim or equity security interest for the purpose of voting, shall not be deemed to be a waiver of the STM Liquidating Trust's right to object to, or re-examine any claim or equity security interest in whole or in part;

10.3   Hearing and determining any action seeking to avoid any transfer of an interest of the Debtor in property, or any obligation incurred by Debtor, that is avoidable pursuant to applicable law;

10.4   Hearing and determining all causes of action, controversies, disputes, or conflicts between or among the Debtor, the Estate, the Liquidating Trustee, the STM Liquidating Trust, Trust Beneficiaries and any other party, including those that were pending prior to Confirmation;

10.5   Hearing and determining all questions and disputes regarding title to the property of the Debtor, the STM Liquidating Trust, or the Estate;

10.6   Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan;

10.7   Hearing and determining any action brought to protect the Debtor, the STM Liquidating Trust and the Estate from actions of creditors, equity security holders, or other parties in interest;

10.8   Issuing any order necessary to implement the Plan or Order of Confirmation, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtor, the Liquidating Trustee, the STM Liquidating Trust and the Estate, from actions of creditors, equity interest holders, or other parties in interest;

10.9   Hearing and determining any dispute relating to the terms or implementation of the Plan or Order of Confirmation, Sale Order or STM Liquidating Trust, or to the rights or obligations of any parties in interest with respect thereto;

10.10  The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code in accordance with Article IX above; and

10.11  Entering orders concluding and terminating the Case.

CHAPTER 11 PLAN                                                                          22

DATED this 9 day of October, 2017.

COTNER LAW, PLLC

/s/ *David B. Cotner*
David B. Cotner

DATSOPOULOS, MacDONALD & LIND, P.C.

/s/ *Trent N. Baker*
Trent N. Baker

*Attorneys for Trustee*