# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>SHOOT THE MOON, LLC,<br><br>    Debtor. | Case No. 15-60979-11 |

# ORDER

The plan under chapter 11 of the Bankruptcy Code filed on behalf of Debtor, Shoot the Moon, LLC ("STM" of "Debtor") by Chapter 11 Trustee Jeremiah Foster ("Trustee"), on October 9, 2017 (Doc. 1056) ("Plan"), and the Bankruptcy Court having approved the Third Amended Disclosure Statement, dated October 6, 2017 (the "Disclosure Statement") (Doc. 1053) as containing "adequate information" (as defined in Section 1125 of the Bankruptcy Code) pursuant to the Order dated October 11, 2017 (the "Disclosure Statement Order") (Doc. 1057); and the (i) Disclosure Statement, (ii) Disclosure Statement Order, (iii) Plan, and (iv) the ballots for voting on the Plan conforming substantially to the appropriate official form as approved by the Court ("Ballots"), having been duly transmitted to holders of Claims and Interests and other parties in interest in compliance with the Disclosure Statement Order; and the Court having held a hearing to consider

1

confirmation of the Plan (the "Confirmation Hearing") on November 20, 2017; the Court having considered all papers filed with or in support of the Plan, including the STM Liquidating Trust as modified filed November 20, 2017 (the "STM Liquidating Trust") (Doc. 1128-1); and no objections to confirmation of the Plan having been filed; and after due deliberation and sufficient cause appearing therefor; the Bankruptcy Court hereby FINDS, DETERMINES, AND CONCLUDES that:

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

A. <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. <u>Jurisdiction, Venue, Core Proceeding</u>. The Bankruptcy Court has jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334. Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Bankruptcy Court has jurisdiction to enter a final order with

respect to confirmation of the Plan. The Debtor is an eligible debtor under section 109 of the Bankruptcy Code. The Debtor is a proper plan proponent under section 1121(a) of the Bankruptcy Code.

C. <u>Chapter 11 Petition, Trustee</u>. On October 21, 2015, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Court conditionally approved the appointment of Jeremiah Foster as Trustee on October 28, 2015 (Doc. 28), and thereafter appointed Jeremiah Foster as Trustee without condition on November 5, 2015 (Doc. 61).

D. <u>Adequacy of Disclosure Statement</u>. Pursuant to the Disclosure Statement Order, the Bankruptcy Court approved the Disclosure Statement and found, among other things, that the Disclosure Statement contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code and authorized the Debtor to solicit acceptances and rejections of the Plan.

E. <u>Voting</u>. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Montana (the "Local Rules"), and applicable non-bankruptcy law.

F.      Solicitation. The Plan, the Disclosure Statement, the Disclosure Statement Order, and the Ballots were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Disclosure Statement Order. The transmittal and service of the Plan, the Disclosure Statement, the Ballots, and the Disclosure Statement Order (all of the foregoing, the "Solicitation") was timely, adequate and sufficient under the circumstances. The Solicitation was conducted in good faith and in compliance with all applicable orders, rules, laws, and regulations. The Debtor, Trustee, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys, accountants, and other professionals retained by such persons are entitled to the protections of section 1125(e) of the Bankruptcy Code.

G.      Notice. All parties required to be given notice of the Confirmation Hearing have been given due, proper, timely, and adequate notice. Such parties have had an opportunity to appear and be heard with respect thereto. The amended STM Trust Agreement filed November 20, 2017 (Doc. 1128) includes only technical, non-substantive changes, does not change the Plan or any rights of creditors or Trust beneficiaries, does adversely affect any creditor or class of creditors and no other or further notice or re-solicitation is required.

**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

H. <u>Trustee Compliance with Bankruptcy Code</u>. The Trustee has complied fully with all provisions of the Bankruptcy Code, by filing all required schedules, reports, including monthly operating reports, and other papers, including the Plan and Disclosure Statement, appearing at all hearings, and soliciting votes on the Plan only after approval of the Disclosure Statement, therefore satisfying section1129(a)(2).

I. <u>Plan Proposed in Good Faith</u>. The Trustee has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Trustee's good faith is evident from the facts and record of this Chapter 11 Case, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case.

J. <u>Trustee's Management and Compensation</u>. The Trustee has disclosed the identity and affiliations of the individuals proposed to serve as officers under the Plan, including Trustee's role as trustee of the STM Liquidating Trust ("Liquidating Trustee"), and the compensation each will receive. The disclosure satisfies sections 1129(a)(4) and 1129(a)(5).

K. <u>Acceptance by Impaired Classes</u>. All classes established under the Plan and eligible to vote are impaired Classes and have accepted the Plan in

accordance with section 1126(c) of the Bankruptcy Code. As such, sections 1129(a)(7), 1129(a)(8) and 1129(a)(10) are satisfied with respect to all Classes.

     L.    <u>Consent of Priority Claimants</u>. The Plan provides for payment of certain administrative claims and priority tax claims covered by 11 U.S.C. §507 in the manner different from what is provided in section1129. The holders of those claims have consented with the exception of the Idaho Department of Labor claim for $792.68 (Proof of Claim # 505). Class 2 claimants have accepted the Plan and shall be paid pursuant to §1129(a)(9)(B)(i). Thus, the Plan satisfies the requirements of §1129(a)(9).

     M.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Debtor, Trustee and the respective attorneys, accountants, and other professionals retained by such persons (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and (ii) shall be deemed to have participated in good faith and in compliance

with the applicable provisions of the Bankruptcy Code.

N. <u>Good Faith</u>. The Trustee will be acting in good faith if it proceeds to consummate the Plan and take the actions authorized and directed by this Confirmation Order.

O. <u>Payment of Fees</u>. The Plan and STM Liquidating Trust provide for quarterly reports and fees payable under 28 U.S.C. §1930, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

P. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing and the record established at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

## ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

1. <u>Findings of Fact and Conclusions of Law</u>. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law. To the extent that any findings of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

2. <u>Confirmation</u>. All requirements for confirmation of the Plan have been satisfied. The Plan and each of its provisions shall be, and hereby are, CONFIRMED under section 1129 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of the Plan and this Confirmation Order.

3. <u>Objections</u>. Objections, responses to, and statements and comments, if any, in opposition to the Plan, shall be, and hereby are, overruled on the merits, with prejudice.

4. <u>Omission of Reference to Particular Plan Provisions</u>. The Court approves the terms, provisions, and conditions of the Plan and the same shall be enforceable by and binding upon all parties. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be approved and confirmed in its entirety.

5. <u>Notice of Confirmation Hearing</u>. Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

6.  <u>Disclosure Statement and Solicitation</u>.  The solicitation of votes on the Plan complied with the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.

7.  <u>Binding Effect</u>.  Pursuant to section 1141 and the other applicable provisions of the Bankruptcy Code, on or after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan and this Confirmation Order shall bind the Debtor, all holders of Claims and Interests of the Debtor (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted or are deemed to have accepted the Plan), each person receiving, retaining or otherwise acquiring property under the Plan, any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor, any person making an appearance in the Chapter 11 Case, any other party in interest in the Chapter 11 Case, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

8.  <u>Vesting of Assets</u>.  As of the Effective Date, the property of the Debtor's Estate shall vest in the Liquidating Trustee of the STM Liquidating Trust.

9. <u>Professional Fee Claims</u>.  Any entity seeking an award of the Bankruptcy Court of a claim for professional fees, including for compensation or reimbursement under section 503(b)(3) of the Bankruptcy Code, shall (a) file its final application for allowance of such Claim by no later than the first business day that is 60 days after the Effective Date or such other date as may be fixed by the Bankruptcy Court, and (b) to the extent such entity has not already been paid in full on account of such Allowed Claim, be paid by or on behalf of the STM Liquidating Trust pursuant to the provisions of the Plan.

10. <u>Priority Claims</u>.   With the exception of the Idaho Department of Labor, holders of allowed claims subject to 11 U.S.C. §507 have consented to payment in the manner different from that provided in section1129, and shall be paid pursuant to the Plan.  If the Idaho Department of Labor's consent is not obtained by the Effective Date of the Plan, that claim shall be paid by the Effective Date.  Class 2 claimants have accepted the Plan and shall be paid pursuant to §1129(a)(9)(B)(i).

11. <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to sections 105 and 1142 of the Bankruptcy Code, this Bankruptcy Court, except as otherwise

provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case to the fullest extent as is legally permissible.

12. Modifications. The Debtor may, upon order of this Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan. A holder of an Allowed Claim or Interest that is deemed to have accepted the Plan shall be deemed to have accepted the Plan as modified, without further solicitation or notice and hearing being required, if the proposed modification does not materially and adversely change the treatment of the Claim or Interest of such holder.

13. Governing Law. Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Montana without giving effect to the principles of conflicts of law thereof.

14. Applicable Non-bankruptcy Law. Pursuant to section 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and related

documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law rule, or regulation relating to financial condition.

15. <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan.

16. <u>Notice of Order</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtor shall serve notice of the entry of this Confirmation Order to all parties who hold a Claim or Interest in this Chapter 11 Case and the U.S. Trustee.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order.

17. <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

18. <u>Waiver of Stay</u>.  The stay of this Confirmation Order provided by any

Bankruptcy Rule (including Bankruptcy Rule 3020(e)), whether for fourteen days or otherwise, is hereby waived, this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court, the terms of the Plan and the Confirmation Order shall be immediately effective and enforceable and deemed binding upon the Trustee, the Debtor, the Debtor's Estate, and any and all holders of Claims or Interests (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan).

    A copy of the confirmed plan is attached.

                                    DATED: November 29, 2017

                                    TERRY L. MYERS
                                    U. S. BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT

/s/ <u>Trent N. Baker</u>
Trent N. Baker, Attorney for Trustee

/s/ <u>Aaron G. York</u>
Aaron G. York, U.S. Trustee Trial Attorney

/s/ <u>Randy Lester</u>
Randy Lester, Attorney for Prairie Mountain Bank

/s/ <u>Dean Stensland</u>
Dean Stensland, Attorney for First Interstate Bank

/s/ <u>Martin S. King</u>
Martin S. King, Attorney for Western Alliance Bank

/s/ <u>Michael Conway</u>
Michael Conway, Attorney for Unsecured Creditors Committee