**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MONTANA**

| | |
|---|---|
| **IN RE:** | **Case No. 15-60979-11** |
| **SHOOT THE MOON, LLC,** | |
| Debtor. | |

**MEMORANDUM OF DECISION**

**BACKGROUND**

On October 21, 2015, Shoot the Moon, LLC ("Debtor") filed a petition commencing this chapter 11 case. Later that month, Jeremiah Foster ("Trustee") was conditionally appointed as chapter 11 trustee, and thereafter appointed without condition on November 5, 2015. Pursuant to a November 10, 2015 order, Doc. No. 67, a February 8, 2016 claim bar date was established.

On January 19, 2016, Dennis Conner ("Conner") timely filed a proof of claim, Claim No. 126-1, asserting a nonpriority, unsecured claim of $923,351.12. Conner amended that claim on May 31, 2016, asserting the debt was in the amount of $955,745.14 plus costs and fees. Claim No. 126-2.

Conner and Trustee entered into a written agreement on October 12, 2017, with that date deemed therein as the "Effective Date." *See* Doc. No. 1218-2 (the "Tolling Agreement"). The parties' Tolling Agreement acknowledged Trustee's deadline to file transfer avoidance actions had not yet expired and agreed that, in regard to actions

MEMORANDUM OF DECISION - 1

against Conner, the deadline would be extended to December 8, 2017. *Id.* at 1, ¶ 1. It also stated:

> This Agreement shall not be deemed an appearance or a waiver by Conner of (i) any right to assert defenses of any kind or nature against any claims that may be asserted by Trustee; (ii) Conner's right to claim that the applicable statute of limitations has run prior to the Effective Date; (iii) any right to dispute whether the Bankruptcy Court has jurisdiction over any or all claims presented by Trustee; and (iv) any other rights, claims, actions, defenses, set-offs, or recoupments to which Conner is or may be entitled under law or in equity, all of which rights, claims, actions, defenses, set-offs, or recoupments Conner expressly reserves.

*Id.* at 1, ¶ 3.

In October 2017, Trustee filed a number of adversary proceedings. These included one against Conner asserting preference and fraudulent transfers claims. *Foster v. Conner*, Adv. Proc. No. 17-00064, was filed on October 19, 2017, a week after the Tolling Agreement. In that adversary proceeding, Conner filed an answer and a demand for jury trial on February 5, 2018. (This answer was timely filed pursuant to the parties' agreed extensions of time to answer).

Conner then filed a motion in the adversary proceeding on February 22, 2018, seeking to withdraw the reference, contending he had withdrawn his proof of claim, and asserting his right to a jury trial before an Article III district court.

The record reflects that, on November 27, 2017, after the complaint had been filed but before it was answered, Conner filed a "withdrawal" of Claim No. 126. *See* Doc. No. 1132. Trustee objected to that purported withdrawal on May 7, 2018, after the motion to withdraw the reference was filed, contending Fed. R. Bankr. P. 3006 prohibits a unilateral withdrawal of a claim once an adversary proceeding is commenced against a creditor, and

MEMORANDUM OF DECISION - 2

asserting the Rule requires a motion and order of the Court. Doc. No. 1199. Trustee's objection resulted in Conner filing a motion to withdraw his claim, Doc. No. 1217. In briefing, he argued he had "previously and properly" withdrawn the claim and, by the August 2 motion, "now seeks to withdraw it again to remove any doubt." Doc. No. 1218 at 2. He argued, *inter alia*, that the Tolling Agreement preserved his ability to withdraw the claim without motion, relying on a construction or reading of paragraph 3. Doc. No. 1218. Trustee opposed this interpretation and the relief sought by Conner. Doc. No. 1228. And Conner replied to that opposition and argued, among other things, that Trustee contractually waived his right to object to the withdrawal when he executed the Tolling Agreement. Doc. No. 1231.

A hearing on the matter was set for October 1, 2018, but then continued by agreement to November 15, with Trustee allowed to file supplemental briefing by October 9 and Conner by October 16. Those briefs were filed. Doc. Nos. 1237, 1238 (the "Supplemental Briefs"). On November 9, an order was entered upon the joint motion of the parties, vacating the November 15 hearing and submitting the matter for decision based on all briefing.

However, the nature of the arguments changed when Trustee filed his Supplemental Brief. In it, Trustee states:

> On October 1, 2018, Trustee filed his Unopposed Motion to Continue Hearing (Doc. 1234) with respect to argument on Conner's Motion to Withdraw Proof of Claim. The basis of the continuance was that the parties are in agreement that Bankruptcy Rule 3006 applies to Conner's Motion to Withdraw, but the parties has [*sic*] not adequately analyzed the sentence that provides that "[t]he order of the court shall contain such terms and conditions that the court deems proper."

MEMORANDUM OF DECISION - 3

>       After researching the statutory [*sic*] in greater detail, Trustee withdraws his objection to Conner's Motion to Withdraw Proof of Claim. Advocating for the denial of the withdrawal and obtaining this relief would likely result in a time consuming, costly appeal which will effectively stay these proceedings for years. However, despite this withdrawal, Trustee requests that the Court grant the withdrawal <u>subject to</u> this Court's retention of jurisdiction.

Doc. No. 1237 at 1–2.

Trustee now contends that because Rule 3006 expressly provides an order granting a withdrawal of claim may include "such terms and conditions as the court deems proper," it would be both proper and appropriate here for the Court to "condition such withdrawal [of the claim] on the retention of jurisdiction over adversary proceeding 17-00064. By doing so this Court will be sending a message to the Article III court that it is willing to resolve the issues in this case if the reference is not withdrawn." *Id.* at 4–5.

Conner rejoins that the withdrawal of claim under Rule 3006 should be granted without any conditions. Doc. No. 1238. He contends Trustee suffers no "legal prejudice" from the withdrawal, as he can still raise all factual and legal issues during litigation of the adversary proceeding.

## DISPOSITION

As noted, Rule 3006 allows for the withdrawal of a creditor's claim, subsequent to the filing of an adversary proceeding against such creditor, upon order of the Court. Further, "[t]he order of the court shall contain such terms and conditions as the court deems proper." *Id.*

MEMORANDUM OF DECISION - 4

Conner's decision to seek such an order allowing withdrawal of his claim is motivated by the impact of that claim on the adversary proceeding. As stated in *Langenkamp v. Culp*, 498 U.S. 42 (1990):

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S. [33] at 58–59, and n. 14, . . . (citing *Katchen*, *supra*, 382 U.S. [323] at 336 . . .). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid*. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. *Granfinanciera*, *supra*, 492 U.S., at 57–58 . . . . As such, there is no Seventh Amendment right to a jury trial. If a party does not submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. 492 U.S., at 58–59 . . . .
>
> Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Id*., at 58 . . . . Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the bankruptcy court. Consequently, they were not entitled to a jury trial on the trustee's preference action.

498 U.S. at 44–45.

The general considerations to be taken into account when addressing a requested withdrawal of claim are those applicable to analyzing a voluntary dismissal under Federal Rule of Civil Procedure 41(a). *Resorts Int'l. Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1399 (9th Cir. 1995) (citing Advisory Comm. Note to Bankruptcy Rule 3006 in support of using Civil Rule 41(a)(2) considerations). *See also In re 20/20 Sport, Inc.*, 200 B.R. 972, 976–78 (Bankr. S.D.N.Y. 1996).

MEMORANDUM OF DECISION - 5

Those Rule 41(a) standards require the Court to decide whether allowing a voluntary dismissal results in the defendant suffering some actual "legal prejudice." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96–97 (9th Cir. 1996) (defining legal prejudice as "prejudice to some legal interest, some legal claim or some legal argument") (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)); *see also In re County of Orange*, 203 B.R. 977, 982 (Bankr. C.D. Cal. 1996).

The burden of showing such legal prejudice is on the objecting party. *County of Orange*, 203 B.R. at 982; *see also In re Manchester, Inc.*, 2008 WL 5273289, *3 (Bankr. N.D. Tex. Dec. 19, 2008); *In re Armstrong*, 215 B.R. 730, 732 (Bankr. E.D. Ark. 1997).

Given Trustee's newly asserted lack of opposition to granting the motion for withdrawal of the claim, the Court is not asked to directly rule on the existence of "legal prejudice" as a prerequisite to granting the motion. However, Trustee's request that the Court make such withdrawal "subject to this Court's retention of jurisdiction" certainly raises similar if not equivalent issues.

The court in *Armstrong* stated:

Prejudice does not include having to try the case before a jury rather than to the court. *Hoffman v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979); or loss of any tactical advantage, loss of choice of forum, or dismissal at an early stage of the proceeding, *In re County of Orange*, 203 B.R. at 982.

215 B.R. at 732. *See also Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir 2001); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *In re Bonham*, 1998 WL 906566, *2 (Bankr. D. Alaska Dec. 23, 1998) ("The fact that the party withdrawing the proof of claim will gain the right to a jury trial is not considered to be legal

MEMORANDUM OF DECISION - 6

prejudice.") (citing *Lowenschuss*, 67 F.3d at 1399; *County of Orange*, 203 B.R. at 980; and *20/20 Sport*, 200 B.R. at 978–79).[1]

The underlying motion to withdraw the reference has not yet been ruled upon. However, the prospect that trial of the adversary proceeding may be before the District Court, or that it may be conducted as a jury trial, does not amount to "legal prejudice."

The Court will grant Conner's now-unopposed motion to withdraw his claim. The Court will impose no conditions on that withdrawal. Given that result, the time has come to address the motion to withdraw reference filed in Adv. No. 17-00064. Under Mont. LBR 5011-1(b) and (c), that motion must be assigned to and decided by a U. S. District Judge. *See also* 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011(a).

An order consistent with this Decision will be entered by the Court. The Court will also cause the motion to withdraw reference to be submitted to the District Court for such decisions as it deems appropriate.

DATED: January 9, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

---

[1] The court in *20/20 Sport* stated:

> Furthermore, "legal prejudice is not visited upon [defendants] because they might have to try their case to a jury rather than to the court." *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979). *See also Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) (it is not "sufficient to show legal prejudice to establish that the defendant may lose some perceived tactical advantage by trying the case to a jury rather than to the court").

200 B.R. at 980

MEMORANDUM OF DECISION - 7