David B. Cotner (Bar # 2386)
COTNER LAW, PLLC
2700 Radio Way
Missoula, MT 59808
Phone: (406) 541-1111
Email:   dcotner@cotnerlaw.com

Bradley A. Cosman (Bar # 026223)
PERKINS COIE, LLP
2901 North Central Ave. Ste. 2000
Phoenix, AZ 85012-2788
Phone: (602) 351-8205
Email: BCosman@perkinscoie.com

*Attorney for the STM Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>SHOOT THE MOON, LLC,<br><br>Debtor. | Case No. 15-60979-11<br><br>**STM LIQUIDATING TRUST'S OBJECTION TO DENNIS CONNER'S MOTION FOR LEAVE TO FILE PERSONAL CLAIMS AGAINST TRUSTEE AND HIS ATTORNEY UNDER THE BARTON DOCTRINE** |

COMES NOW, STM Liquidating Trust, by and through its attorney of record and hereby files its Objection to Dennis Conner's Motion for Leave to File Personal Claims Against Trustee and his Attorney Under the Barton Doctrine (Dkt. 1371).

Dennis Conner ("Conner")—a former insider and former member of the unsecured creditors' committee—had notice since May 2018 of STM Liquidating Trust's post-confirmation retention and payment of Resolute and Cotner. Conner only feigns concern now as a litigation tactic, to gin up leverage in the ~$600,000 avoidance action he is defending. But Conner—having

voluntarily withdrawn his claim— does not have standing to bring his threatened lawsuit because he is not even a beneficiary of the STM Liquidating Trust. Conner's Motion for Leave has nothing to do with concern about administration of the trust, and everything to do with Conner's "belie[f] that the adversary proceedings filed against him are frivolous and without merit . . . ."[1] Whatever the impetus, Conner's Motion for Leave fails because it ignores a critical fact: the post-confirmation retention and payment of Resolute and Cotner was pre-approved by the trust's oversight committee (a committee comprising holders of the largest unsecured claims and actual pecuniary interests) in accordance with the confirmed *Plan of Liquidation* ("**Plan**") [Dkt. 1056]. That alone is reason to deny Conner's motion.

Even if Conner had standing, and even if Conner could ignore the oversight committee's approval, Conner has failed to make a *prima facie* case for breach of fiduciary duty. There is no *prima facie* case because, among other things, the post-confirmation retention and payment of Resolute and Cotner: (1) was well within the Liquidating Trustee's powers and business judgment under terms of the confirmed Plan; (2) was approved by the oversight committee in accordance with the Plan; (3) was disclosed to the Court, Conner, and other parties-in-interest from the outset through status reports filed with the Court; (4) was entirely consistent with industry practice for administering post-confirmation liquidating trusts; and (5) has materially benefited the trust beneficiaries.

Finally, leave should be denied because this Court retained exclusive jurisdiction over all disputes concerning administration of the STM Liquidating Trust. To the extent Conner believes he has his own claims, Conner must bring his claims before this Court. Allowing Conner to propagate new litigation in a new forum before a new judge would be a waste of judicial resources

---

[1] Leave Motion pp. 8-9

STM Liquidating Trust's Objection to Dennis Conner's Motion for Leave to File Personal Claims
Against Trustee and his Attorney Under the Barton Doctrine                                    Page 2

and would increase litigation costs at the expense of actual creditors. This Court, a bankruptcy court with significant experience liquidating estates, is best positioned to address any disputes concerning administration of the STM Liquidating Trust.

### I. Conner Lacks Standing

As a threshold matter, Conner's Motion for Leave must be denied because Conner lacks standing to bring fiduciary claims because he voluntarily withdrew his claim against the estate and, thus, is not a beneficiary of the STM Liquidating Trust.[2] At this point, Conner's only role is that of defendant in an avoidance action.

Conner tries to bootstrap standing by alleging that defending the avoidance action brought by the STM Liquidating Trust is "taxing" his "time and money."[3] That is insufficient to establish standing to sue a trustee. In *Feeley*,[4] defendants to an avoidance action asserted counterclaims that the trustee breached fiduciary duties by "fail[ing] to conduct a proper investigation before bringing" the avoidance action, causing them "financial and personal harm."[5] The trustee moved to dismiss the counterclaims, noting that the defendants were not creditors and failed to show that the trustee owed any duty to them.[6] The court agreed with the trustee, holding that the avoidance-action defendants "lack standing to assert claims based upon the Trustee's alleged failure to properly investigate the Debtors' financial affairs . . . ."[7] The court reasoned because the avoidance-action defendants were not creditors of the debtors' estate, "[t]hey have filed tort claims

---

2  *See Order* dated January 9, 2019 [Dkt. 1132].
3  *Petitioner Dennis Conner's Brief In Support of Motion to File Personal Claims Against Trustee and His Attorney Under Barton Doctrine* [Dkt. 1372] at 3.
4  393 B.R. 43 (Bankr. D. Mass.)
5  *Id.* at 46.
6  *Id.*
7  *Id.* at 50.

against the Trustee without articulating the ostensible duty the Trustee owes to them, as opposed to the statutory duty the Trustee owes creditors of the Debtors' bankruptcy estate . . . ."[8]

Here, Conner, like the defendants in *Feeley*, lacks standing to bring claims against the Liquidating Trustee and Cotner. Conner is neither a creditor of the estate nor a beneficiary of the STM Liquidating Trust. Conner has not articulated any duty the Liquidating Trustee or Cotner owe to Conner. Conner's allegations (that the Liquidating Trustee failed to properly investigate and prosecute avoidance actions) would give rise to claims that belong to beneficiaries of the trust, not Conner. Because Conner lacks standing to sue, his Motion for Leave to sue should be denied.

## II. Conner Has Failed to Make a *Prima Facie* Case

The Liquidating Trustee[9] and Cotner[10] are protected by the *Barton* doctrine. The Fourth Circuit has explained that "bankruptcy trustees and their counsel require protection against suits that are based on unfounded allegations regardless of whether there is a claim that the alleged wrongdoing was intentional."[11] Accordingly, the *Barton* doctrine requires Conner make a *prima facie* case against the Liquidating Trustee and Cotner before leave is granted, which Conner has failed to establish.[12]

---

8 *Id.*; *see also In re Shamus Holdings, LLC*, No. 08-1030, 2008 Bankr. LEXIS 2294, 2008 WL 3191315 at *6 (Bankr. D. Mass. Aug. 6, 2008).
9 *Blixseth v. Brown*, 470 B.R. 562, 567 (D. Mont. 2012) (Barton doctrine applies to both court "appointed" and court "approved" officers because "court approved officers function[] as the equivalent of court appointed officers for purposes of" applying the Barton doctrine); *Kirchner v. Blixseth*, Case No. CV 11-08283 GAF, 2012 U.S. Dist. LEXIS 183275, at *30 (C.D. Cal. Nov. 1, 2012) ("The Barton Doctrine is equally applicable to liquidating trustees, which are 'the functional equivalent' of the bankruptcy trustee") (*citing In re Crown Vantage, Inc.*, 421 F.3d 963, 973 (9th Cir. 2005)).
10 *McDaniel v. Blust*, 668 F.3d 153, 158 (4th Cir. 2012) (Barton doctrine barred suit against law firm retained by trustee to prosecute adversary proceeding).
11 *Id.*
12 *Kashani*, 190 B.R. at 885; *Halloum v. Kasolas (In re Halloum)*, 2016 Bankr. LEXIS 3857, *14-15 (B.A.P. 9th Cir. Oct. 27, 2016) ("Since the Barton doctrine applies as a threshold matter, the Halloums must plead the elements of a *prima facie* case against Trustee."); *Kirchner*, 2012 U.S. Dist. LEXIS 183275, at *32 ("before leave is given by the bankruptcy court, the claimant must demonstrate that he has a prima facie case against the trustee") (quoting *In re Messina*, Case No. 99 B 29371, 2003 Bankr. LEXIS 1964, at *10 (Bankr. N.D. Ill. Sep. 29, 2003)).

First, as discussed in Section I above, Conner has not articulated any duty STM Liquidating Trustee or Cotner owe to him. Without a duty, Conner cannot make a *prime facie* case for breach of a duty.

Second, STM Liquidating Trust's post-confirmation retention and payment of professionals, as well as the pursuit of avoidance actions, were well within the Liquidating Trustee's powers and business judgment. Specifically, the Plan and Trust Agreement[13] provide:

 a) "The Liquidating Trustee shall hire counsel and other professionals to assist Trustee in fulfilling the Liquidating Trustee duties, subject to consultation and oversight by the governance committee."[14]

 b) "The fees and costs incurred by the Trustee and the Trustee's attorneys, accountants, advisors or other professionals . . . shall be paid from funds in the trust and on a monthly basis, without application to the Bankruptcy Court."[15]

 c) "[T]he Trustee may exercise the following powers and duties: . . . select and employ such brokers, banks, institutions, investment counsel, attorneys, accountants, appraisers and such other agents as it may deem advisable, and to delegate to such agents such of its ministerial duties, rights and powers as it deems necessary and appropriate, and to pay reasonable compensation to such agents."[16]

 d) "[I]nvestigate, file, compromise, settle, withdraw, or litigate in Bankruptcy Court or other court of competent jurisdiction, any and all Claims, Trust Causes of Action, Avoidance Actions, or other causes of action belonging to the Trust Estate."[17]

---

13 *First Amended and Restated STM Liquidating Trust Agreement* ("**Trust Agreement**") [Dkt. 1243-2]
14 Plan ¶ 6.5.
15 Trust Agreement ¶ 3.1.
16 Trust Agreement ¶ 4.3(e).
17 Trust Agreement ¶ 4.3(l).

e) "[D]o any and all other things, not in violation of any other terms of the Plan and this Trust Agreement, which, in the reasonable business judgment of the Trustee, are necessary or appropriate for the proper liquidation, management, investment, and distribution of the assets of the Trust Estate in accordance with the provisions of the Trust Agreement and the Plan."[18]

Everything Conner's Motion for Leave complains about is expressly authorized under the above provisions. The Liquidating Trustee determined it was necessary, reasonable, and cost effective to retain Resolute and Cotner to assist with the avoidance actions. The avoidance actions in this case involved complex issues of insolvency, valuation, fraudulent transfer, forensic accounting, financial analysis, and insurance (among other things). Resolute and Cotner were critical to effectively working through those issues. Conner's inference the Liquidating Trustee should have done everything himself personally, or that the trustee was required to employ different professionals that Conner approved of, is nonsensical. Similarly, Conner's attempt to recast settlements in other avoidance actions as evidence that the STM Liquidating Trust has improperly prosecuted avoidance actions is misguided. Conner has no experience with or first-hand knowledge of the facts, circumstances, and legal issues in other avoidance actions. Administration of the STM Liquidating Trust is a matter of the Liquidating Trustee's business judgment, not Conner's. Conner's apparent disagreement with the Liquidating Trustee's business decisions—particularly the decision to pursue an avoidance action against Conner—is not a *prima facie* case for breach of fiduciary duty.

Third, Conner complains that the Liquidating Trust brought some avoidance actions only to settle them following discovery, negotiation, and litigation. If anything, this evidences the

---

[18] Trust Agreement ¶ 4.3(q).

STM Liquidating Trust's Objection to Dennis Conner's Motion for Leave to File Personal Claims
Against Trustee and his Attorney Under the Barton Doctrine    Page 6

reasonableness of how the Liquidating Trustee has administered the estate and undermines Conner's theory that the Liquidating Trustee is perpetuating the trust just to run up fees. The soundness and reasonableness of the Liquidating Trustee's business judgment with respect to the avoidance actions is further evidenced by the fact that the avoidance actions have yielded more than $3.1 million in proceeds for the STM Liquidating Trust.

Fourth, the post-confirmation retention and payment of Resolute and Cotner was preapproved by the oversight committee. The Trust Agreement provides that "the Oversight Committee shall . . . approve the Trustee's retention of counsel and other professionals, as well as the terms governing the engagement of such counsel and professionals."[19] That is exactly what happened. Conner does not dispute the oversight committee's authority or approval. Decisions made by the Liquidating Trustee with approval of the oversight committee do not make a *prima facie* case for breach of fiduciary duty.

Fifth, post-confirmation retention and payment of Resolute and Cotner was disclosed to the Court and all parties-in-interest early and often. The Liquidating Trustee's very first post-confirmation status report filed back in May 2018 disclosed the retention and fees paid to Resolute and Cotner.[20] So did each of the nine subsequent status reports filed with the Court.[21] Conner had ECF notice of each and every post-confirmation status report, through outside counsel and through his own notice of appearance. The fact that Conner is only raising the issue now, when his avoidance action is scheduled for dispositive hearings later this month and a trial in December, tells the Court all it needs to know.

---

19   Trust Agreement § 3.3(b).
20   *See First Quarterly Status Report of STM Liquidating Trust* [DE 1207] at p. 2 ("The Trustee engaged Cotner Law, PLLC . . . to provide legal services in support of Trustee's administration of the Trust and investigation and pursuit of claims against third parties on behalf of the Trust. . . . Additionally, Counsel have retained Resolute Commercial Services ("Resolute") as a financial consultant to compile Shoot the Moon accounting data for adversary claim support and reclassification of financial statements.")
21   *See* post-confirmation quarterly status reports at DE 1216, 1239, 1256, 1285, 1295, 1314, 1363, and 1364.

Sixth, the Liquidating Trustee's post-confirmation retention of professionals (including his own firm) is standard practice in chapter 11 cases and is not self-dealing. *See, e.g.*, *In re GGW Brands, LLC*, Case No. 2:13-bk-15130-SK (Bankr. C.D. Cal.) at Dkt. 138 (approving chapter 11 trustee's retention of his own firm as financial advisor); *In re Klein*, 2:11-bk-12718-ER (Bankr C.D. Cal.) at Dkt. 435 (same); *In re Tribune Co.*, Case No. 08-13141-KJC (Bankr. D. Del.) at Dkt. 4498 (approving examiner's retention of his own firm as counsel); *In re State Fish Co., Inc.*, Case No. 2:15-bk-11084-SK (Bankr. C.D. Cal.) at Dkt. 1018 (attaching form of post-confirmation trust agreement with provisions for retention and payment of professionals similar to the form used in this case). Self-dealing, by contrast, occurs when a trustee buys or sells property to the trust without the beneficiaries' permission or without authorization under the trust agreement. (typically on terms disadvantageous to the trust).[22] That is not what happened here. Rather, the STM Liquidating Trust simply engaged professionals and paid for reasonable services necessary to prosecute avoidance actions. Moreover, the terms of retention and compensation were fully disclosed to, and approved by, the trust beneficiaries through the oversight committee. These facts do not establish a *prima facie* case for self-dealing.[23]

Seventh, any services provided by Resolute *prior* to confirmation were provided as a professional courtesy to the chapter 11 trustee. Such services were never billed to the estate and never billed to the STM Liquidating Trust. *Unbilled* services provided pre-confirmation do not make a *prima facie* case for breach of fiduciary duty.

---

22  *See* Restatement (Third) of Trusts § 78 (2012), comments c(3), d.
23  Even if the retention of Resolute or Cotner were considered self-dealing, a trustee may engage in self-dealing with the consent of the trust beneficiaries. *See*, *e.g.*, *Renz v. Beeman*, 589 F.2d 735, 745-46 (2d Cir. 1978) (citing cases).

Eighth, Resolute's and Cotner's post-confirmation fee arrangements are consistent with the fee arrangements they charge in comparable matters.[24] In fact, Cotner's post-confirmation fee arrangement with the STM Liquidating Trust is the same fee arrangement that this Court approved for Cotner pre-confirmation.[25]

Conner fails to make a *prima facie* case for breach of fiduciary duty and his Motion for Leave must be denied.

### III. Retained Exclusive Jurisdiction

To the extent Conner believes he has his own claims, Conner must bring those before *this* Court because *this* Court retained exclusive jurisdiction over any dispute involving administration of the STM Liquidating Trust. Under Section 10.9 of the Plan, the Court retained jurisdiction to "hear[] and determin[e] any dispute relating to the terms or implementation of the . . . STM Liquidating Trust, or to the rights or obligation of any parties in interest with respect thereto . . . ."[26] Similarly, Section 8.11 of the Trust Agreement provides that this Court retained "original and exclusive jurisdiction as provided in the Plan over this Trust, the Trustee, and the Trust Assets, including without limitation the determination of all controversies and disputes arising under or in conjunction with this Trust Agreement." Finally, the Confirmation Order[27] provides that this Court retained "exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case to the fullest extent as is legally permissible."[28]

---

[24] To be clear, Resolute's post-confirmation fees as financial advisor to the Liquidating Trustee do *not* include any time or fees for Mr. Foster (the Liquidating Trustee). As Liquidating Trustee, Mr. Foster's, compensation is separately provided for under Section 4.14 of the Trust Agreement as a percentage of disbursements made to trust beneficiaries.

[25] *See Order* dated October 19, 2017 [Dkt. 1072] (approving retention of Cotner on contingency fee to pursue avoidance actions); *Order* dated October 30, 2017 [Dkt. 1115] (approving retention of Cotner on hourly basis for representing trustee).

[26] Plan § 10.9; *see also* Plan § 10.4 (retaining jurisdiction to hear and determine all disputes or conflicts between the Liquidating Trustee, the STM Liquidation Trust, and any other party); Plan § 10.7 (retaining jurisdiction over any action to brought to protect the STM Liquidating Trust); Plan § 10.8 (retaining jurisdiction to issue orders to protect the Liquidating Trustee or the STM Liquidating Trust).

[27] *Order* confirming the Plan ("**Confirmation Order**") [Dkt. 1133].

[28] *Id.* at 10-11.

STM Liquidating Trust's Objection to Dennis Conner's Motion for Leave to File Personal Claims
Against Trustee and his Attorney Under the Barton Doctrine                                     Page 9

The gravamen of Conner's Motion for Leave is a dispute concerning administration of the STM Liquidating Trust, which falls squarely within the retention-of-jurisdiction provisions above. Conner has not identified any reason why this Court—a bankruptcy court with significant experience overseeing liquidation of companies—should strip itself of the exclusive jurisdiction that the Court retained.[29]

Conversely, if the Court were to grant Conner leave the result would be burdensome litigation in a new venue. Such litigation—before a new court less experienced with the facts and circumstances of this case and (likely) less experienced with liquidating trusts—is seemingly designed to waste judicial resources and drive up litigation costs for the STM Liquidating Trust. This type of vexatious litigation is exactly what the *Barton* doctrine is intended to prevent. As the Seventh Circuit explained: "If [a trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, [the trustee]'s work for the court will be impeded."[30] New litigation, especially before a new court unfamiliar with the case and liquidating trusts, would needlessly deplete the trust's resources and negatively impact distributions to actual creditors.[31] This Court, which is required to balance the interests of all parties involved,[32] should exercise its discretion to deny leave.

---

[29] Conner's failure to address the retention-of-jurisdiction provisions is compounded by the fact that Conner (an attorney representing himself in this bankruptcy along with outside co-counsel) did not object to the retention of jurisdiction provisions in the Plan and Trust Agreement. *See* Dkt. 1069 (certificate of service evidencing Conner was served with a copy of the Plan, Trust Agreement, and notice of the deadline for objecting to the Plan) and Dkt. 1133 at 4 (noting that the "transmittal and service of the Plan, the Disclosure Statement, the Ballots, and the Disclosure Statement Order . . . was timely, adequate and sufficient" and that [a]ll parties required to be given notice of the Confirmation Hearing have been given due, proper, timely, and adequate notice").

[30] *Kirchner*, 2012 U.S. Dist. LEXIS 183275 at *32 (*citing Matter of Linton*, 136 F.3d 544, 545 (7th Cir. 1998)).

[31] Ironically, despite Conner's objection to the Liquidating Trustee utilizing professionals from his own firm, Conner's litigious strategy may be fueled by Conner's ability to utilize lawyers and professionals from his own law firm rather than paying outside counsel.

[32] *See In re Kashani*, 190 B.R. 875, 886 (B.A.P. 9th Cir. 1995) (in exercising its discretion to grant or deny leave to sue the trustee in a court other than the one in which the trustee has been appointed, the bankruptcy court is instructed to balance the interests of all parties involved).

STM Liquidating Trust's Objection to Dennis Conner's Motion for Leave to File Personal Claims
Against Trustee and his Attorney Under the Barton Doctrine                                                                 Page 10

## IV. Conclusion

For the reasons above, the STM Liquidating Trustee respectfully requests the Court deny Conner's Motion for Leave.

**PERKINS COIE LLP**

By:   /s/ *Bradley A. Cosman*
     Bradley A. Cosman (pro hac pending)
     2901 North Central Ave., Ste. 2000
     Phoenix, AZ 85012-2788

     *Counsel for STM Liquidating Trust*

     David B. Cotner (MT Bar 2386)
     COTNER LAW, PLLC
     2700 Radio Way
     Missoula, MT 59808

**CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify under penalty of perjury that on the 11th day of September 2020, a copy of the foregoing document was served by electronic means pursuant to LBR 9013-(d)(2) on the parties noted in the Court's ECF transmission facilities.

                                      COTNER LAW, PLLC

                                      By:   /s/ *David B. Cotner*
                                                David B. Cotner
                                                *Attorneys for Liquidating Trustee,*
                                                *Jeremiah Foster*