David B. Cotner (Bar # 2386)
Kyle C. Ryan (Bar #12464)
COTNER RYAN LAW, PLLC
2700 Radio Way
Missoula, MT 59808
Phone: (406) 541-1111
Email:  dcotner@cotnerlaw.com; kryan@cotnerlaw.com
*Attorney for Jeremiah Foster*
*Liquidating Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>SHOOT THE MOON, LLC,<br><br>Debtor. | Case No. 15-60979-11 |

## STATUS REPORT

Chapter 11 Liquidating Trustee, Jeremiah Foster ("Trustee"), by and through his counsel of record, pursuant to the Court's August 16, 2022 Order Scheduling Status Conference, and hereby provides a written status report relating to: (1) the chapter 11 case; (2) Adversary Proceeding No. 2:17-ap-00028-WLH involving CapCall, LLC; (3) Adversary Proceeding No. 2:17-ap-00043-WLH involving Ted Hatzenbeller; and (4) Adversary Proceeding No. 2:17-ap-00045-WLH, involving World Global Financing, Inc.  For purposes of organization, Trustee will address each of these matters, in turn.

1. <u>In re Shoot the Moon, LLC, Case No. 15-60979-11</u>.

The STM Liquidating Trust currently holds $402,900.86 in cash.  Class I and Class II creditors have been paid leaving the Class III Creditors (priority tax claims) and Class IV and V (general unsecured creditors) yet to be paid.  The Class III claims are in the collective amount of

$301,515.91. The Class IV claims are in the amount of $5,505,008.05, while the Class V claims are in the amount of $14,819,643.56.

There are several outstanding matters that need to be completed in this Chapter 11 case in for it to be fully administered and can be closed. One of those matters is for Trustee to exhaust all collection efforts to recover on the judgment against CapCall, LLC, as discussed in greater detail below. Trustee has retained counsel to aggressively pursue collection on this judgment. Unfortunately, those efforts have been frustratingly slow for a variety of reasons. Trustee's ability to collect on this judgment will determine, in large part, whether the general unsecured creditors will obtain any meaningful recovery in this Chapter 11 case. While it is unknown how long those efforts will take, Trustee believes it is worth keeping the Chapter 11 case open to allow him to exhaust all reasonable efforts.

One of the other outstanding matters in this Chapter 11 case are the issues raised in Trustee's Third Omnibus Objections. On March 22, 2021, Trustee Filed his Third Omnibus Objection of Class 3, 4, 5, and 6 Claims. (Dkt. 1419) Those objections related to (A) claims that were satisfied/released in whole or in part; (B) Claims that are non-compliant; (C) claims that provide insufficient data to determine the validity of the claims; (D) claims that are subject to ongoing adversarial proceedings and for which the debtor is not liable. CapCall, LLC was the only creditor to file an objection[1]. No other objections to the Third Omnibus Objection were received. Once the objections based on ongoing adversary proceedings are fully resolved[2], it will

---

[1] CapCall, LLC's objection was addressed by stipulation between CapCall, LLC and Trustee. On April 19, 2021, the Court entered its Order Approving Stipulation Re Trustee's Third Omnibus Objection that the treatment of CapCall, LLC's Proof of Claim would only be considered after the final determination of issues in the then-pending adversary action.

[2] Trustee anticipates resolving the adversary proceeding with Ted Hatzenbeller and his proof of claim in the coming weeks, as discussed below in greater detail.

be necessary for Trustee to amend his Third Omnibus Objections. A ruling from the Court on those Third Omnibus Objections will assist Trustee in finalizing the claim pool.

Finally, another remaining issue that needs to be resolved prior to the Chapter 11 case being closed is a determination of how the unclaimed creditor payments to Class II creditors should be handled. The Class II creditors were the employees of the various restaurant operations. While claims for hundreds of Class II creditors were successfully paid, there are fifty-nine (59) Class II creditors that have not claimed their checks because Trustee does not have a current address for these individuals. The checks for each of these individuals was returned as undeliverable. Trustee has investigated whether he can turn these funds over to Montana, Idaho, and Washington as "unclaimed property." Unfortunately, this does not seem to be a feasible option as Trustee would have to make a claim for each of these fifty-nine (59) individuals and no longer has identifying information, like social security numbers, for many of them. Trustee needs the Court's guidance as to whether the $37,385.54 can be distributed to Class III, IV, and V creditors.

Once the above-referenced matters are finally resolved, Trustee believes that the Chapter 11 case can be fully administered, and the case can be closed.

2. *CapCall, LLC v. Foster*, Adversary No. 2:17-ap-00028-WLH.

On September 30, 2021, a Final Judgment was entered against CapCall, LLC and in favor of Trustee in a total amount of $2,770,512.58, not considering an offset if the full amount is paid. (Dkt. 287). CapCall, LLC has failed to satisfy the Judgment. As such, last fall, Trustee retained the law firm of Dorsey & Whitney, LLP to assist with collection efforts. The domestication of the Judgment in New York and Delaware has been frustratingly slow. The plan is to conduct a debtor's examination and other discovery to track down CapCall's assets and commence actions to recover those assets, if they have been transferred.

With regard to Adversary Proceeding No. 2:17-ap-00028-WLH, Trustee does not see any reason why this matter cannot be closed. Trustee has the Final Judgment. The efforts to collect on the Final Judgment do not require this Adversary Proceeding to remain open.

*Foster v. Ted Hatzenbeller*, Adversary No. 2:17-ap-00043-WLH.

On March 16, 2020, Trustee filed a Notice of Settlement informing the Court that a settlement had been reached with Ted Hatzenbeller, Sr. and that a 9019 Motion seeking approval of the settlement on or before March 19, 2020. (Dkt. 44). On March 19, 2020, Trustee filed a Notice to the Court that due to the COVID-19 pandemic, the signing of the settlement documents had been delayed and that the parties would file a 9019 Motion "as soon as reasonably possible." Generally, the terms of the settlement were that Mr. Hatzenbeller would execute a confession of judgment in favor of Trustee in the amount of approximately $34,904.40 and would further waive his right to claims as an Unsecured Creditor against the Estate. It had been represented that Mr. Hatzenbeller had minimal assets and, as such, there was no hope in a meaningful recovery to the Estate.

Our efforts to finalize the settlement were soon derailed. At that time of negotiation, which coincided with the outset of the COVID-19 pandemic, it was understood that Mr. Hatzenbeller was residing in a nursing home facility in Aberdeen, South Dakota. Mr. Hatzenbeller's nursing home facility was essentially closed to outsiders from entering the facility and prevented residents from leaving. Consequently, no one could enter the nursing home facility to sit down with Mr. Hatzenbeller, explain the settlement documents to him, and have him sign the necessary documents. To further complicate matters, at this same time, Mr. Hatzenbeller's health started to deteriorate. Mr. Hatzenbeller's counsel, Rusty Murphy, represented that he did not believe Mr. Hatzenbeller held the requisite capacity to sign the Settlement Agreement or the Confession of

Judgment. No guardian nor custodian had yet been appointed for Mr. Hatzenbeller. As such, discussions relating to finalizing the settlement documents came to a halt.

In recent discussions, Mr. Murphy has represented that Mr. Hatzenbeller has since died. In a discussion this week, Mr. Murphy indicated that he would reach out to Mr. Hatzenbeller's daughter, who he believed would serve as personal representative of his Estate. Once we know who is in control of Mr. Hatzenbeller's Estate, we intend to finally resolve this adversary proceeding either through dismissal or the filing of a 9019 Motion. It is Trustee's hope and intention to file a Stipulation to Dismiss or a Rule 9019 Motion in the immediate future.

3. *Foster v. World Global Financing, Inc.*, Adversary No. 2:17-ap-00045-WLH.

On May 9, 2018, prior to World Global Financing, Inc. filing an Answer in this Adversary Proceeding, it filed a Notice of its Chapter 11 Filing in the Southern District of Florida and asserting an automatic stay under 11 U.S.C. § 362. (Dkt. 27). Trustee has investigated World Global Financing's bankruptcy and does believe there is an opportunity to obtain a meaningful recovery. Accordingly, Trustee plans to file his Notice of Dismissal in this Adversary Proceeding, pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41 of the Federal Rules of Civil Procedure. The Notice of Dismissal, which does not require World Global Financing's stipulation because they had not yet filed an Answer, will end this Adversary Proceeding and allow the Court to close this matter.

DATED this 9th day of September 2022.

        COTNER RYAN LAW, PLLC

        */s/ Kyle C. Ryan*
        Kyle C. Ryan
        *Attorneys for Liquidating Trustee, Jeremiah Foster*

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 9th day of September, 2022, a copy of the foregoing Notice was served by electronic means pursuant to LBR 9013-(d)(2) on the parties noted in the Court's ECF transmission facilities and by mail on the following individuals and/or entities:

1. Funding Metrics, LLC
   c/o Tim Dailey, Esq.
   Milodragovich, Dale & Steinbrenner, P.C.
   620 High Park Way
   P.O. Box 4947
   Missoula, MT 59806

2. IOU Central, Inc.
   c/o Mark A. Ellingsen
   WITHERSPOON KELLEY
   The Spokesman-Review Building
   608 Northwest Boulevard, Suite 300
   Coeur d'Alene, ID 83814

3. IOU Central, Inc.
   c/o Paul G. Wersant
   3245 Peachtree Parkway, Suite D-245
   Suwanee, GA 30024

4. Charles Parker
   1120 Kakala Street Unit 509
   Kaploei, HI 96707

5. Prairie Mountain Bank
   c/o Randall C. Lester
   Falcon, Lester & Schaff, P.C.
   25 5th Street North, Suite 202
   Great Falls, MT 59401

6. Eulailo Cabrales-Cervantes
   907 Ave. C. NW
   Great Falls, MT 59401

7. Oversight Committee of the Liquidating Trust
   a. Kerry Carlson
      US Foods, Inc.
      9399 W Higgins Road, Ste. 100
      Rosemont, IL 60018

  b. Dan Fuller
   Brinker International
   3000 Olympus Blvd
   Dallas, TX 75019
   Dan.fuller@brinker.com

        COTNER RYAN LAW, PLLC

     By: /s/ *Kyle C. Ryan*
        Kyle C. Ryan
        *Attorneys for Liquidating Trustee,*
        *Jeremiah Foster*