David B. Cotner (Bar # 2386)
Kyle C. Ryan (Bar #12464)
COTNER RYAN BLACKFORD, PLLC
321 E. Broadway, Suite 500
Missoula, MT 59802
Phone: (406) 541-1111
Email: dcotner@cotnerlaw.com; kryan@cotnerlaw.com

*Attorney for Jeremiah Foster*
*Liquidating Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>SHOOT THE MOON, LLC,<br><br>Debtor. | Case No. 15-60979-11 |

## APPLICATION FOR DEPOSIT OF UNCLAIMED FUNDS WITH THE COURT

Chapter 11 Liquidating Trustee, Jeremiah Foster ("Liquidating Trustee"), by and through his counsel of record, David B. Cotner and Kyle C. Ryan, of Cotner, Ryan, and Blackford, PLLC, hereby respectfully submits this Application for Deposit of Unclaimed Funds, pursuant to Bankruptcy Code § 347 and the persuasive authority provided for in *In re Premiere Holdings of Tex. LP*, 393 B.R. 156, 2008 Bankr. LEXIS 2305 (July 28, 2008).

### BACKGROUND

1.      On October 21, 2015, Shoot the Moon, LLC ("Debtor") filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Montana.

2.      On November 29, 2017, the Court entered an Order confirming the Plan of Liquidation, filed on October 9, 2017 (Doc. 1056) on behalf of the Debtor, Shoot the Moon, LLC, including the modified STM Liquidating Trust filed on November 20, 2017 (Doc. 1128) (the

"STM Liquidating Trust Agreement").

3. The effective date of the Plan occurred on December 29, 2017 (the "Effective Date"), at which time the STM Liquidating Trust was established and Jeremiah Foster was appointed to serve as Trustee of the STM Liquidating Trust.

4. The stated purpose of the STM Liquidating Trust Agreement is, in part, "to distribute the net proceeds of such disposition to the Beneficiaries, in as prompt, efficient, and as orderly a fashion as possible." Doc. 1244-1, Section 2.3.

5. More than 500 proof of claims were filed in this Chapter 11 case.

6. The Liquidating Trustee and his professionals have made final distributions to creditors. However, some of the distribution checks have not been cashed or presented for payment.

7. As of June 3, 2026, there are six (6) checks outstanding, totaling $16,125.55. The outstanding checks and the creditors are identified below:

| Creditor Name | POC Number(s) | Check Amount | Creditor Class |
|---|---|---|---|
| Energy West | 106, 107, 108, 109 | $396.72 | 4 |
| Idaho First Aid and Safety, Inc. | 62 | $23.03 | 4 |
| Mars Stout Inc. | 29 | $1,225.18 | 4 |
| Preferred Service and Mechanical, Inc. | 75 | $176.49 | 4 |
| Rocky Mountain Bank | 69 | $14,209.74 | 4 |
| ZZZ Sanitation | 11 | $94.39 | 4 |

8. The Liquidating Trustee and his professionals have undertaken extensive work to locate creditors with unclaimed distributions.

9. The Liquidating Trustee and his professionals have made the following efforts to contact each of the creditors with unclaimed funds:

- **<u>Energy West</u>**. This creditor confirmed their mailing address but has not responded

to any inquiries after the distribution check was issued. Email communications were directed to Nicole Herbert at Hope Utilities, a successor or affiliate of Energy West, on April 20 and 27, 2026. A call was placed with Hope Gas on April 30, 2026. Another attempt to email Hope Gas and Hope Utilities was made on May 13, 2026 without success.

- **Idaho First Aid and Safety, Inc**. All attempts to communicate with this creditor have failed. Email communications were directed to the email address listed on the Proof of Claim on July 29, 2025 and August 27, 2025 with no response. A voicemail message was left with the telephone number listed on the Proof of Claim on August 19, 2025 with no response. Cintas and All West were identified as potential affiliates. A call to Cintas on August 26, 2025 was not responded to. An email to All West on September 5, 2026 was not responded to. A letter was sent to the physical address listed on the Proof of Claim on August 28, 2025 without response.

- **Mars Stout Inc**. All attempts to communicate with this creditor have failed. The telephone number and email address listed on the Proof of Claim are no longer connected. An email communication to a potential successor business was rejected as no longer in service. A letter and distribution check were sent to the physical address listed in the Proof of Claim and were returned as undeliverable.

- **Preferred Service and Mechanical, Inc**. All attempts to communicate with this creditor have failed. The telephone number and email address listed on the Proof of Claim are no longer connected. A search for successor business contact information was unsuccessful. A letter and distribution check were sent to the physical address listed in the Proof of Claim and were returned as undeliverable.

- **Rocky Mountain Bank**. After a long series of telephone calls no successor bank will accept the claim. Rocky Mountain Bank locations were acquired by several organizations: Glacier Bank, Western Security Bank, Heartland Financial, and Stockman Bank. Each of these banks has denied the rights to the claim. The distribution check was sent to the physical address listed in the Proof of Claim and has not cleared the account.

- **ZZZ Sanitation**. ZZZ Sanitation was acquired by United Site Services. In an October 13, 2025 email, United Site Services asserted that they did not assume the rights to the Proof of Claim. The distribution check was sent to the physical address listed on the Proof of Claim and returned to sender.

10. Despite the Liquidating Trustee's efforts to locate the creditors and make the distributions, $16,125.55 remains unclaimed (hereinafter, the "Unclaimed Funds").

////

<u>ARGUMENT</u>

Generally, the deposit of unclaimed property in a bankruptcy case is determined under Bankruptcy Code § 347. The problem is that Section 347 does not fit the circumstances of this case. Although the circumstances of this case do not fit the strict qualifications of relief under Section 347, the Court can permit a liquidating trustee to deposit unclaimed funds with the Court when justice so requires. *In re Premiere Holdings of Tex. LP*, 393 B.R. 156, 2008 Bankr. LEXIS 2305 (July 28, 2008)

Section 347(a) provides for the deposit of unclaimed funds into the registry of the Court but is only available for unclaimed funds in cases under chapters 7, 12, and 13. However, the present case is a Chapter 11 case and would not meet the strict language of Section 347(a). Similarly, Section 347(b) does not apply under the circumstances of this case. Bankruptcy Code § 347(b) provides as follows:

> Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943(b), 1129, 1173, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

Bankruptcy Code § 347(b). In this case, the unclaimed funds cannot become "property of the debtor or the entity acquiring the assets under the plan." Because the debtor no longer exists and "the entity acquiring the assets under the plan," the Liquidating Trust, was created to distribute the assets—not retain them.

In *Premiere Holdings,* the Court granted a Chapter 11 Liquidating Trustee's application to deposit unclaimed funds into the registry of the court, despite not meeting the requirements of Sections 347(a) or (b). In that case, like this case, the Liquidating Trustee had made significant efforts to locate and make final distributions to creditors of the chapter 11 estate. Despite those

efforts, 67 checks totaling $25,969 remained unclaimed. The Liquidating Trustee filed an application to deposit funds into the registry of the Court under Bankruptcy Code § 347. In considering the application, the Court noted that Bankruptcy Code § 347(a) only applied to unclaimed funds in chapters 7, 12, and 13—not a chapter 11 case, which was at issue. The Court further recognized that Bankruptcy § 347(b) was not appropriate for several reasons. First, from an equitable standpoint, Section 347(b) technically required the unclaimed funds to be returned to the debtor, who had acquired the funds through a Ponzi scheme. Second, if the funds cannot be returned to the debtor, Section 347(b) provides that such funds become the property of the "entity acquiring the assets of the debtor under the plan[,]" which would be the liquidating trust. However, this was not possible because the terms of the liquidating trust required it to dissolve and it could not do so while acquiring the unclaimed funds.

Ultimately, the Court in *Premiere Holdings* granted the application to deposit funds into the registry of the Court while recognizing the dilemma with the statutory language of Section 347. The Court explained:

> If the Court were to try to apply § 347(b) literally and fully in parallel with TLI, the Liquidating Trust would deposit the funds into the registry of the Court and then the Court would have to award the property to the Liquidating Trust as the "entity acquiring the assets." Any redistribution of the funds would be prohibitively expensive. The circle would be broken only when the administrative expenses of continuing the loop extinguished the funds in the trust.

Accordingly, although the facts of the case did not strictly comply with the requirements of Section 347, the Court held that the unclaimed funds should be deposited in the registry of the Court to be disposed of under 28 U.S.C. § 2041 et seq.

Here, as in *Premiere Holdings,* strict compliance with Section 347 is not appropriate. First, the confirmed Plan in this case created a Liquidating Trust and effectively dissolved the Debtor. Doc. 1056. Second, the funds cannot be distributed to the "entity acquiring the assets," the

Liquidating Trust, because it would lead to the circular loop discussed in *Premiere Holdings* in which the continual redistribution of funds to the Liquidating Trust would continue until the loop extinguished the funds in the trust. Accordingly, the deposit of the unclaimed funds with the registry of the Court is both appropriate and necessary.

## **CONCLUSION**

For the reasons stated herein, Trustee respectfully requests that the Court grant his Application and issue an Order for the deposit of the Unclaimed Funds with the Court to be disposed of under 28 U.S.C. 2041, *et seq*.

DATED this 5th day of June 2026.

COTNER RYAN BLACKFORD, PLLC


/s/ Kyle C. Ryan
Kyle C. Ryan
*Attorneys for Liquidating Trustee, Jeremiah Foster*

<h1 style="text-align:center">NOTICE OF OPPORTUNITY TO RESPOND
AND REQUEST A HEARING</h1>

**If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date:** _____
**Time:**_____
**Location:**_____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify under penalty of perjury that on the 5th day of June 2026, a copy of the foregoing Notice was served by electronic means pursuant to LBR 9013-(d)(2) on the parties noted in the Court's ECF transmission facilities and by mail on the following individuals and/or entities:

1.  Funding Metrics, LLC
    c/o Tim Dailey, Esq.
    Milodragovich, Dale & Steinbrenner, P.C.
    620 High Park Way
    P.O. Box 4947
    Missoula, MT 59806

2.  IOU Central, Inc.
    c/o Mark A. Ellingsen
    WITHERSPOON KELLEY
    The Spokesman-Review Building
    608 Northwest Boulevard, Suite 300
    Coeur d'Alene, ID 83814

3.  IOU Central, Inc.
    c/o Paul G. Wersant
    3245 Peachtree Parkway, Suite D-245
    Suwanee, GA 30024

4.  Charles Parker
    1120 Kakala Street Unit 509
    Kaploei, HI 96707

5.  Prairie Mountain Bank
    c/o Randall C. Lester
    Falcon, Lester & Schaff, P.C.
    25 5th Street North, Suite 202
    Great Falls, MT 59401

6.  Eulailo Cabrales-Cervantes
    907 Ave. C. NW
    Great Falls, MT 59401

7.  Oversight Committee of the Liquidating Trust

    a.  Robert Simson
        Vice President
        Western Alliance Bank
        2701 East Camelback Road, Suite 120

Phoenix, AZ 85016.

*Counsel:*
W. Scott Jenkins, Jr.
Alissa Brice Castaneda
Quarles & Brady, LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

COTNER RYAN BLACKFORD, PLLC

By:   /s/ *Kyle C. Ryan*
      Kyle C. Ryan
      *Attorneys for Liquidating Trustee,*
      *Jeremiah Foster*